Aaron Raiser,
Email: aaron_raiser@yahoo.com
20058 Ventura Blvd. #113
Woodland Hills, Ca 91364
P: 818.581.4818

Original

FILED
CLERK, U.S. DISTRICT COURT
JAN 29 2019
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

In Pro Per

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

AARON RAISER,

    Plaintiff,

vs.

City of Murrieta,
Michael Jacob,
Judge R. Gary Klausner,
Magistrate Rozella Oliver,
Does 1-40,

    Defendants.

EDCV19-183-R (KKx)

Case No:

COMPLAINT

1. BANE ACT – CIV. CODE §52.1
2. UNRUH CIVIL RIGHTS
3. 42 USC 1983 – EQUAL PROTECTION
4. 42 USC 1983 – FREEDOM OF ASSOCATION
5. 42 USC 1983 – RIGHT TO PETITION
6. 42 USC 1983 – INTRASTATE TRAVEL
7. 42 USC 1983 – INTERSTATE TRAVEL
8. 42 USC 1983 – 4TH AMENDMENT
9. 42 USC 1983 – DUE PROCESS OF LAW
10. DECLARATORY JUDGMENT
11. INJUNCTIVE RELIEF
12. MANDAMUS RELIEF

JURY DEMAND

Plaintiff complains against Defendants and for causes of action alleges:

## PARTIES

1. Plaintiff is a resident of Riverside County.

2. City of Murrieta is a political subdivision of the state of California.

3. Michael Jacob is a Murrieta city police officer sued in his individual capacity and on information and belief a resident of Riverside County.

4. Judge R. Gary Klausner is a federal judge of tis court sued individually.

5. Magistrate Rozella Oliver is a magistrate of this court sued individually.

1

Complaint

RECEIVED

1-28-19



6. Doe 1-10 are responsible for wrongs alleged herein whom Plaintiff is unable to identify by name at present and whom Plaintiff shall name when their identify becomes available.

7. Does 11-40 are staff of this court and the 9th Circuit court of appeals having previously conspired with staff working on Plaintiff's prior cases in this court and/or having conspired with staff working on Plaintiff's prior cases, including staff working for Judges Klausner and Oliver sued individually and there has otherwise been a meeting of the minds between these and the other defendants and they have each taken steps with the other defendants to further the conspiracy.

8. Staff of Judges Klausner and Oliver have conspired with staff of Judges Phillips, Real, Gee, Hatter, Anderson, Wilson, Feess, Otero in furtherance of the conspiracy.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to Civil Code 52, 52.1, concurrent jurisdiction under 42 USC 1983 and the common law.   Damages sought exceed $75,000.

10.   Venue is proper in this Court because the acts of the Defendants took place in Murrieta, and Riverside county, CA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff filed with the city of Murrieta a governmental notice of claim regarding some of the allegations found herein (the July 1, 2018 unlawful detainment) in or about October 2018 the city of Murrieta denied those claims in or about November 2018.

## GENERAL ALLEGATION AS TO ALL CAUSES OF ACTION

### (As To All Defendants)

12.   On or about January 27, 2017 Plaintiff was legally sitting in his car parked on the street in Murrieta; the time of day was around 1 pm.

13.   Defendant Michael Jacob approached Plaintiff's and asked Plaintiff something about whether he were homeless and/or expressed his belief that Plaintiff was homeless.

2

Complaint

14. Defendant then told Plaintiff it was illegal to live out of one's vehicle in the city of Murrieta and told Plaintiff he had to leave the city.

15. Defendant indicated that he would cite Plaintiff if he did not leave.

16. Defendant also said something about the appearance of Plaintiff's vehicle and/or expressed his belief Plaintiff lived out of his care, and then told Plaintiff that he was not allowed in Murrieta with his car looking the way it was and/or if Plaintiff was living out of his car.

17. Defendant Jacob threatened Plaintiff with detainment, citation, arrest and prosecution if Plaintiff returned to Murrieta if Plaintiff drove into Murrieta in a car he were living out of.

18. Plaintiff does live out of his car. There are no Murrieta laws that prohibit a person from driving into Murrieta in a car they live out of, or living in a car in the city of Murrieta.

19. Plaintiff has been excluded by threats, intimidation and coercion from Murrieta.

20. While Plaintiff as not been precluded from walking in to Murrieta Plaintiff has a bad knee and back which prohibit from walking into Murrieta, especially when needing to carry anything, and further personal safety issue and personal reasons make walking into Murrieta prohibitive.

21. Plaintiff fears future detainment, citation and/or arrest, including prosecution, if he enters the city of Murrieta, including violence from the police to effectuate any detainment and/or arrest of Plaintiff if he returns to Murrieta in his car.

22. Plaintiff fears physical force by the police – amounting to violence – in arresting Plaintiff if he again enters the city of Murrieta. Plaintiff does not go into the city of Murrieta limits as a result of Defendant's threats.

23. In each cause of action and factual allegation Michael Jacob was acting within the course and scope of his employment with city of Murrieta who is liable under respondeat superior for his actions for state law claims herein, and pursuant to custom, policy and training of city of Murrieta.

24. On or about December 1, 2017 Plaintiff sent a letter to the Murrieta police chief, Mayor, and each city council member about Jacob's conduct alleged herein and ask that they simply speak

3

with Jacobs and get Plaintiff an assurance that Jacob would not follow though on any of his threats if Plaintiff returns to Murrieta in is car.  Each of these in turn refused to take any action to resolve the matter or to allow Plaintiff to return to Murrieta in his car, and each, including the city of Murrieta, have made, accepted, and ratified Jacob's actions to be official custom, policy and practice of Murrieta.

25.  Plaintiff's dentist of 7 years is in Murrieta.   Plaintiff has special needs reasons for going to that dentist.   As a result of Defendant's actions Plaintiff has been precluded from seeing his dentist for 2 ½ years, resulting in damage to Plaintiff's teeth and now becoming a threat to Plaintiff's health and life.

26.  On or about October 2017 Plaintiff needed to get an brain MRI for possible life threatening health issues and Plaintiff's insurance only covered the procedure in Murrieta.    Plaintiff barely had the money and was forced to travel to Fallbrook for the same procedure and pay for it himself.

27.  Plaintiff has been precluded from patronizing businesses in Murrieta, including accommodations provided by those businesses, been unable to seek work in Murrieta, worship at any church in Murrieta, petition Murrieta city council in person at Murrieta city council meetings for redress for what they and Jacob has done, and been denied the chance to travel via car through its streets.

28.  The unlawful detainments of Plaintiff are due to a custom, policy or practice, official or unofficial, of the city of Murrieta to unlawfully detain citizens who are not suspected of violating any laws, including homeless people, and to exclude homeless people from their city.   Plaintiff has been personally unlawfully detained with no basis by the Murrieta police 6 times in the past 5 years, all when Plaintiff was in Temecula or outside of Murrieta, and based on Plaintiff's communications with other homeless persons in the area, the city of Murrieta policy of unlawfully detained other homeless persons on 50 separate occasions without basis all in the past 5 years.

29.  Plaintiff has been precluded from entering Murrieta due to the unlawful threats of Jacobs.

30.  Jacobs threats are real, and imminent upon Plaintiff's return to Murrieta.

31.  Jacobs "speech" made in making the threats do not involve speech alone as those threats were made by someone with a gun in his holster, who also had handcuffs, and who is empowered by the state to incarcerate Plaintiff at his discretion for violating his orders, even when wrong.

32.  Jacobs "speech" to arrest Plaintiff also entailed the use of force and violence to follow through with his threats as Plaintiff would be subjected to violence to be arrested or detained against his wishes to be cited Jacob if Plaintiff chose to leave against Jacob's orders.

33.  For example, if Jacob unlawfully threatens to cite or arrest Plaintiff if he entered a city council meeting, which Plaintiff and all others had the right to do, wit Jacob standing next to the door when making that threat, and Plaintiff attempted to walk up and pull open the door to go inside the city council meeting, there is the natural threat Jacob shall use violence to restrain Plaintiff, prevent him from entering, with Jacob tackling Plaintiff, forcing him to be handcuffed and  taken to jail etc.

34.   Plaintiff has been subjected to speech containing threats of violence:

18 U.S. Code § 16 defines violence as that which "has as an element the use, attempted use, or threatened use of physical force against the person or prop-erty of another," or "by its nature, involves a substantial risk that physical force against the person"

The legal dictionary at  https://legal-dictionary.thefreedictionary.com/violence  define it as:

VIOLENCE. The abuse of force. Theorie des Lois Criminelles, 32. That force which is employed against common right, against the laws, and against public liberty. Merl. h. t, 2. In cases of robbery, in order to convict the accused, it is requisite to prove that the act was done with violence; but this violence is not confined to an actual assault of the person, by beating, knocking down, or forcibly wresting from him on the contrary, whatever goes to intimidate or overawe, by the apprehension of personal violence, or by fear of life, with a view to compel the delivery of property equally falls within its limits. Alison, Pr. Cr. Law of Scotl. 228; 4 Binn. R. 379; 2 Russ. on Cr. 61; 1 Hale P. C. 553. When an article is merely snatched, as by a sudden pull, even though a momentary force be exerted, it is not such violence as to constitute a robbery. 2 East, P. C. 702; 2 Russ. Cr. 68; Dig. 4, 2, 2 and 3.

A Law Dictionary, Adapted to the Constitution and Laws of the United States. By John Bouvier. Published 1856.

Black's online law dictionary at https://thelawdictionary.org/violence/ states:
What is VIOLENCE?
The term "violence" is synonymous with "physical force," and the two are used interchangeably, iu relation to assaults, by elementary writers on criminal law. State v. Wells, 31 Conn. 212.

35. Plaintiff has been subject to violence, the threat of violence, the threat of the use of physical force, and the like against his person if not complying with Jacob's threats against Plaintiff alleged herein.

36. Judge R. Gary Klausner, Magistrate Rozella Oliver, and/or Does 11-40 have vowed a vow and conspired with a conspiracy to obstruct justice and do all within their power to defeat Plaintiff's cases filed in this court, have taken steps to further said conspiracy, and there is a meeting of the minds between these and the other defendants.   Full supporting evidence for this is found in case 5:17-cv-00217-RGK-RAO Docs. 197, 207.   To the extent Judge R. Gary Klausner, Magistrate Rozella Oliver are not actively engaged in said conspiracy, they have ministerial abdicated their judicial duties to court staff who are part of the conspiracy and are otherwise engaging in deliberate indifference to Plaintiff's heinous civil rights violations of other defendants and this court's staff.

37. Judge R. Gary Klausner, Magistrate Rozella Oliver, and/or Does 11-40 and as such are one and the same with the remaining defendants in this case and have engaged in ministerial acts of corruption and obstruction of justice of Plaintiff's right to access to the federal courts.  Full supporting evidence for this is found in case 5:17-cv-00217-RGK-RAO Docs. 197, 207.

### FIRST CAUSE OF ACTION
### Cal. Civ. Code §52 Violations – Unruh Civil Rights
### (Michael Jacob, City of Murrieta)

38. Plaintiff incorporates all allegations of the Complaint herein.

39.   Under the Unruh Civil Rights Act it is wrongful to deny a person equal accommodations and access to a public business.

40.   Unruh Civil Rights violations also occur when someone is denied equal accommodations or public business access to any person on arbitrary and/or capricious grounds.  See In re Cox (1970) 3 Cal. 3d 205.

41.   Had Defendant prevented Plaintiff from entering a business in Murrieta on the grounds Plaintiff's car was not appearing up to some standard, Defendant would be violating the Unruh Act.

42.   Defendant has prevented Plaintiff from entering any and **all businesses** in Murrieta, denying Plaintiff equal accommodations under the Unruh Act.

43.   While Plaintiff as not been precluded from walking in to Murrieta Plaintiff has a bad knee and back which prohibit from walking into Murrieta, especially when needing to carry anything, and further personal safety issue and personal reasons make walking into Murrieta prohibitive.

44.   Defendants' acts in denying Plaintiff the right to public accommodations in Murrieta was arbitrary and/or capricious.  Defendant also denied Plaintiff access to accommodations in Murrieta because he was homeless and to this extent, Defendant's actions were substantially motivated on that, and are arbitrary and capricious.

45.    Defendants were acting under color of state law.  Defendant acted intentionally.  Defendant acted out of malice towards the homeless.

46.   Plaintiff was injured thereby;

47.   Defendants acts were the proximate cause of Plaintiff's injury.

48.   Plaintiff seeks injunctive, declaratory and mandamus relief only to allow Plaintiff to return in his car to Murrieta.

### SECOND  CAUSE OF ACTION
### 42 U.S.C 1983 –  First Amendment Right To Petition
### (Michael Jacob, City of Murrieta)

49.   Plaintiff incorporates all allegations of the Complaint herein.

50.    Plaintiff has a right to petition government for a redress of grievances under the 1st Amendment.

51.    Plaintiff was and is desirous to petition Murrieta city council for a redress of grievances for Defendant forcing Plaintiff out Murrieta because of Plaintiff appearing to live out of his car.

52.    This right was denied and/or unconstitutionally burdened by Defendant precluding Plaintiff from coming physically to a Murrieta city council meeting which are held in Murrieta.

53.    Plaintiff was injured thereby;

54.    Defendant was acting under color of state law;

55.    Defendants actions were the proximate cause of Plaintiff's injury.

56.    Plaintiff seeks injunctive, declaratory and mandamus relief only to allow Plaintiff to return in his car to Murrieta.

### THIRD CAUSE OF ACTION
### 42 U.S.C 1983 –  First Amendment Freedom of Association
### (Michael Jacob, City of Murrieta)

57.    Plaintiff incorporates all allegations of the Complaint herein.

58.    Plaintiff has a right to freedom of association.

59.    Plaintiff has a first amendment right to associate with his dentist, optometrist, those offering the MRI and other business owners and citizens in Murrieta.

60.    Plaintiff's right to association was burdened and/or denied as a result of the actions of Defendant.

61.    Plaintiff is desirous to enter Murrieta to associate with his dentist, optometrist, business owners and other citizens of Murrieta, including healthcare providers;

62.    Plaintiff has been precluded from entering Murrieta to associate with his dentist, optometrist, business owners and other citizens of Murrieta as a result of the unlawful threats of Defendant, including healthcare providers;

63.    Plaintiff has been denied the right to come into Murrieta to work.

64.    Plaintiff was injured thereby;

65.  Defendant was acting under color of state law;

66.  Defendants actions were the proximate cause of Plaintiff's injury.

## FOURTH CAUSE OF ACTION
### 42 U.S.C 1983 – EQUAL PROTECTION
### (Michael Jacob, City of Murrieta)

67.  Plaintiff incorporates all preceding allegations herein.

68.  Plaintiff had his right to intrastate travel taken and/or burdened.

69.  The court in United States v. Wheeler (1920) 254 U.S. 281, 293 said: "In all the states, from the beginning down to the adoption of the Articles of Confederation, the citizens thereof possessed the fundamental right, inherent in citizens of all free governments, peacefully to dwell within the limits of their respective states, to move at will from place to place therein …"

70.  "the right of locomotion, the right to remove from one place to another according to inclination, is an attribute of personal liberty, and the right, ordinarily, of free transit from or **through the territory of any State** is a right secured by . . . the Constitution."  Williams v. Fears 179 U.S. 270 (1900).

71.   Plaintiff has been denied equal protection of laws, Defendants having intentionally acted to treat Plaintiff differentially than others similarly situated in Murrieta who can drive, park and sit in their cars on city streets without issue and ONLY Plaintiff is ordered out due to the appearance of his car.   There is no rational basis for the differential treatment.

72.  All other citizens in the United States can travel into and through Murrieta in their automobiles, and only Plaintiff can not due to him living out of it.

73.  No federal, state or local laws prohibit a person from travelling into or through a city due to them living out of their car.

74.  Plaintiff and Plaintiff alone must walk into Murrieta and not drive his car, and there is no rational basis for that; further, Plaintiff has a bad knee making walking long distances difficult if not impossible, and there are safety issues in walking such as being struck by a car.    Plaintiff

Complaint

would be otherwise forced to take a bus, however, busses are very intermittent in Temecula to Murrieta, and there are severe waiting times, and health issues; for example, people who ride the bus might be, and are sick, and sneeze, getting fellow riders sick, and in San Diego there is a hepatitis A outbreak which is close to Temecula, and easily Plaintiff might pick up hepatitis A riding a bus, especially a crowded one.  Plaintiff further has personal/religious beliefs which limit his ability to take public transportation.

75.   There are personal freedom issues being forced to ride a bus.   No one else is forced to do such things to come into Murrieta and there is no rational basis for forcing Plaintiff to do these things.

76.   Defendant was acting under color of state law;

77.   Plaintiff has been injured thereby.  Plaintiff has suffered mentally, emotionally, and been precluded from engaging in commerce and receiving needed medical car in Murrieta;

78.   Plaintiff faces the threat of detainment, citation, arrest and/or prosecution if he enters Murrieta; no other citizen in this county faces a similar threat.

79.   Defendants acts were the proximate cause of Plaintiff's injury.

<div align="center">

**FIFTH CAUSE OF ACTION**
**42 U.S.C 1983 – Intrastate Travel**
**(Michael Jacob, City of Murrieta)**

</div>

80.   Plaintiff incorporates all preceding allegations herein.

81.   Plaintiff had his right to intrastate travel and for it not to be burdened.

82.   The court in United States v. Wheeler (1920) 254 U.S. 281, 293 said: "In all the states, from the beginning down to the adoption of the Articles of Confederation, the citizens thereof possessed the fundamental right, inherent in citizens of all free governments, peacefully to dwell within the limits of their respective states, to move at will from place to place therein … "

83.   "the right of locomotion, the right to remove from one place to another according to inclination, is an attribute of personal liberty, and the right, ordinarily, of **free transit from** or

through the **territory of any State** is a right secured by . . . the Constitution." Williams v. Fears 179 U.S. 270 (1900).

84.   "it would be meaningless to describe the right to travel between states as a fundamental precept of personal liberty and not to acknowledge a correlative constitutional right to travel within a state."   King v. New Rochelle Mun. Hous. Auth., 442 F.2d 646, 648 (2d Cir. 1971).

85.   Plaintiff has had his right to intrastate travel burdened.  Plaintiff is unable to travel the I-15 and I-215 to travel freely to other parts of the state.

86.   Plaintiff has been denied a liberty right – exclusion from Murrieta – without due process of law under the 4th and 14th Amendments of the U.S. Constitution.  Plaintiff has been denied the right to intrastate travel or has alternatively had the right to intrastate travel impermissibly burdened.

87.   Plaintiff in the past has travelled the streets of Murrieta to shop, to visit his dentist, optometrist, and for medical care among other things and desires to do so in the future.

88.   As a result of Defendants' actions and threats Plaintiff has been unable to enjoy his right to intrastate travel through and in Murrieta.

89.   Plaintiff has suffered mentally and emotionally be being denied this right; Plaintiff has suffered pain and health issues by not being able to visit his dentist; Plaintiff has been forced to go to other cities far distant for medical car and to pay for that himself due to insurance not paying for a procedure outside of Murrieta.  Plaintiff has suffered financially in extra travel costs.

90.   Plaintiff is in fear of losing his civil rights if he returns to Murrieta.

91.   Plaintiff has been denied the right to travel in the city of Murrieta for all practical purposes.

92.   Plaintiff is in imminent fear of being detained, cited and / or arrested if he returns to Murrieta.

93.   Defendant was acting under color of state law;

94.   Plaintiff has been injured thereby.

95.   Defendants acts were the proximate cause of Plaintiff's injury.

## SIXTH CAUSE OF ACTION
### California State Constitution Violations - Bane Act
### (Michael Jacob, City of Murrieta)

96.  Plaintiff incorporates all allegations of the complaint herein.

97.  The Bane Act proscribes in California Civil Code § 52.1 a person from doing the following: "interfer[ing] by threats, intimidation, or coercion, or attempt[ing] to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., `threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he . . . he had the right to do under the law or to force the plaintiff to do something that he . . . was not required to do under the law. Shoyoye v. County of Los Angeles, 203 Cal.App.4th 947, 955-56 (2012) (quoting Jones v. Kmart Corp., 17 Cal.4th 329, 334 (1998)). "A defendant is liable if he or she interfered with or attempted to interfere with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion." Id. at 846.

98.  One of many rights interfered with is the right to travel upon the public street of a city the court in Escobedo v. State of California (1950) 35 Cal.2d 870, 875-876,4 the court stated in part:

> "Fundamentally it must be recognized that in this country 'Highways are for the use of the traveling public, and all have ...the right to use them in a reasonable and proper manner, and subject to proper regulations as to the manner of use.' (13 Cal.Jur.371, § 59.) 'The streets of a city belong to the people of the state, and the use thereof is an inalienable right of every citizen, subject to legislative control or such reasonable regulations as to the traffic thereon or the manner of using them as the legislature may deem wise or proper to adopt and impose.' (19 Cal.Jur.54, § 407.) 'Streets and highways are established and maintained primarily for purposes of travel and transportation by the public, and uses incidental thereto. Such travel may be for either business or pleasure . . . The use of highways for purposes of travel and transportation is not a mere privilege, but a common and fundamental right, of which the public and individuals cannot rightfully be deprived . . . '[A]ll persons have an equal right to use them for purposes of travel by proper means, and with due regard for the corresponding rights of others.' (25 Am.Jur.456-457, § 163; see, also, 40 C.J.S. 244-247, § 233.) Notwithstanding such general principles characterizing the primary right of the individual, it is equally well established (as is recognized in the texts above cited) that usage of the highways is subject to reasonable regulation for the public good. In this connection, the constitutionality of various types of financial responsibility laws has been often upheld

against contentions that they violated the due process clause of the Fourteenth Amendment. 'The use of the public highways by motor vehicles, with its constant dangers, renders the reasonableness and necessity of regulation apparent. . . .''

99. The California Supreme Court stated:

"The streets of a city belong to the people of the state, and every citizen of the state has a right to the use thereof, subject to legislative control .... The right of control over street traffic is an exercise of a part of the sovereign power of the state ...." (Ex parte Daniels [31 Cal.3d 550] (1920) 183 Cal. 636, 639 [192 P. 442, 21 A.L.R. 1172].) fn. 3
"'The use of highways for purposes of travel and transportation is not a mere privilege, but a common and fundamental right, of which the public and individuals cannot rightfully be deprived ... [A]ll persons have an equal right to use them for purposes of travel by proper means, and with due regard for the corresponding rights of others.'" (Escobedo v. State of California (1950) 35 Cal.2d 870, 875-876 [222 P.2d 1], fn. 4 quoting 25 Am.Jur., Highways, § 163, p. 457; italics added.)

100. Defendant attempted to – and has - interfere by threat, intimidation and/or coercion with Plaintiff's exercise and enjoyment of rights secured by the U.S. and state Constitutions and state and federal statute. Plaintiff has the right to not be detained and cited, and to be treated equally, under the 4th and 14th Amendments of the U.S. Constitution for simply driving his car in Murrieta with personal belongings in it, however fervently that Defendant dislikes that. Plaintiff has the right to travel throughout the state unhindered and without fear of arrest, citation or detainment simply because the city of Murrieta and/or Defendant dislikes the homeless. Plaintiff has the freedom to contract and certainly has the right to see his dentist, optometrist and go get needed imaging done at the MRI lab in Murrieta and enjoy contractual relations with these persons and businesses. Plaintiff has the right to not have his right to interstate travel burdened. Plaintiff has the right to petition Murrieta city council for redress for Defendant's wrongful conduct. Plaintiff has the right to associate with those whom he wished, in any city. Each of these rights has been denied or materially burdened. Under the state constitution Plaintiff is also guaranteed similar rights.

101. Given Plaintiff was threatened with citation, that also means Plaintiff can be arrested, and as such Plaintiff fears the use of force and violence by Defendants if Plaintiff returns to Murrieta. Plaintiff also fears the use of violence being used against him if upon return to Murrieta Plaintiff

wishes to go about his business there and in refusing to be unlawfully detained, the police shall engage in acts of violence to subdue and/or arrest Plaintiff for the exercise of his right to be free from unreasonable seizure.

102. Plaintiff additionally must – if Defendants attempt to cite Plaintiff – voluntarily be detained where he otherwise would be free to go about his business if Defendants decide to cite Plaintiff, and Plaintiff fears the use of force and violence if Plaintiff attempts to go about his business.

103. Plaintiff was and is injured by Defendant's actions.

104. Defendant's actions were the proximate cause of Plaintiff's injury.

<div align="center">

**SEVENTH CAUSE OF ACTION**
**42 U.S.C 1983 – Civil Rights Violations - Incident 2**
**(Does 1-2, City of Murrieta)**

</div>

105. Plaintiff incorporates all allegations of the Complaint herein.

106. Plaintiff was also legally sitting in his car in Temecula or at least was unaware of any laws being broken in April 2017 when 2 Murrieta officers drove into Temecula and detained on information and belief Plaintiff simply because they felt like ID'ing him.

107. Plaintiff has been similarly detained by Murrieta officers on 2 prior occasions where Plaintiff was legally minding his own business in Temecula.  None of those detainments are part of this complaint for damages as that was over 2 years ago in 2014 and 2015.

108. Police officers from Murrieta have also crossed into Temecula – usually they drive a Dodge Durango - especially in the North Diaz Rd. area and have unlawfully detained  other homeless citizens based on Plaintiff's conversations with homeless in the area, and on information and belief Murrieta police have unlawfully detained other homeless in the Temecula area without basis at least 8 occasions in the past 3 years.

109. Plaintiff attempted to get via records requests information from Murrieta which might have shed light on the legality of the detainment in April and Murrieta refused to give any information.

110. Defendants were acting under color of state law.

111. Plaintiff had his civil rights violated under the 4th and 14th Amendments.

112. Plaintiff was injured thereby having lost his rights and having to live in fear of unlawful detainments.

113. Defendants acts were the proximate cause of Plaintiff's injury.

### EIGTH CAUSE OF ACTION
### Injunctive Relief
### (Michael Jacob, City of Murrieta)

114. Plaintiff incorporates all preceding allegations herein.

115. Defendant must be enjoined from detaining, citing or arresting Plaintiff for coming into the city of Murrieta for the only reason being he driving a car with personal belongings in his car or a car that he appears to be living out of. Being homeless or living out of one's car is not a crime and cannot be used as a basis to run people out of town.

116. Defendants own Plaintiff a duty not to cite/arrest him for baseless reasons or which are not authorized by law.

### NINTH CAUSE OF ACTION
### Declaratory Relief
### (Michael Jacob, City of Murrieta)

117. Plaintiff incorporates all preceding allegations herein.

118. A Declaratory Judgment against Defendants is to issue to declare that Michael Jacob violated Plaintiff's state and federal rights when he forced Plaintiff out of Murrieta due to him being homeless and living out of his car; that there are no laws which solely prohibit in Murrieta a person from living out of their or sleeping in their car; that Michael Jacob has no basis to detain, cite, or arrest Plaintiff if he returns to Murrieta while driving a vehicle which he lives out of.

### TENTH CAUSE OF ACTION
### 42 U.S.C 1983 – First Amendment Freedom of Religion
### (Michael Jacob, City of Murrieta)

119. Plaintiff incorporates all allegations of the Complaint herein.

120. Plaintiff has a right to freedom of worship under the 1st Amendment.

121. Plaintiff was and is desirous to drive into Murrieta to attend church services of his choice
therein.

122. This right was denied and/or unconstitutionally burdened by Defendant precluding Plaintiff
from driving into Murrieta city to attend church meetings in Murrieta.

123. Plaintiff was injured thereby;

124. Defendant was acting under color of state law;

125. Defendants actions were the proximate cause of Plaintiff's injury.

126. Plaintiff seeks injunctive, declaratory and mandamus relief only to allow Plaintiff to return
in his car to Murrieta.

<div align="center">

**ELEVENTH CAUSE OF ACTION**
**42 U.S.C 1983 – Interstate Travel**
**(Michael Jacob, City of Murrieta)**

</div>

127.      Plaintiff incorporates all preceding allegations herein.

128. Plaintiff had his right to interstate travel taken and/or burdened.

129. "the right of locomotion, the right to remove from one place to another according to
inclination, is an attribute of personal liberty, and the right, ordinarily, of **free transit from** or
through the **territory of any State** is a right secured by . . . the Constitution."  Williams v. Fears
179 U.S. 270 (1900).

130. Plaintiff's right to interstate travel has been burdened, and there is no compelling state
interest involved, and Defendants orders are not narrowly tailored.   Further, there is no rational
basis for Defendants actions, threats or efforts to keep Plaintiff out of Murrieta.

131. Plaintiff is unable to travel the I-15 and I-215 to travel freely to other parts of the state.
Which both pass through Murrieta, and Plaintiff needs to and want to use as he generally lives in
Temecula.

132. Plaintiff has been denied a liberty right – exclusion from Murrieta – without due process of
law under the 4th and 14th Amendments of the U.S. Constitution.  Plaintiff has been denied the

<div align="center">Complaint</div>

right to intrastate travel or has alternatively had the right to intrastate travel impermissibly burdened.

133. Plaintiff in the past has travelled the streets of Murrieta to shop, to visit his dentist, optometrist, and for medical care among other things and desires to do so in the future.

134. As a result of Defendants' actions and threats Plaintiff has been unable to enjoy his right to intrastate travel through and in Murrieta.

135. Plaintiff has suffered mentally and emotionally be being denied this right; Plaintiff has suffered pain and health issues by not being able to visit his dentist; Plaintiff has been forced to go to other cities far distant for medical car and to pay for that himself due to insurance not paying for a procedure outside of Murrieta.  Plaintiff has suffered financially in extra travel costs.

136. Plaintiff is in fear of losing his civil rights if he returns to Murrieta.

137. Plaintiff has been denied the right to travel in the city of Murrieta for all practical purposes.

138. Plaintiff is in imminent fear of being detained, cited and / or arrested if he returns to Murrieta.

139. Defendant was acting under color of state law;

140. Plaintiff has been injured thereby.

141. Defendants acts were the proximate cause of Plaintiff's injury.

### TWELFTH CAUSE OF ACTION
### 42 USC 1983 – DUE PROCESS OF LAW
### (Michael Jacob, City of Murrieta)

142. Plaintiff incorporates all preceding allegations herein.

143. Under The 4th and 14th Amendment Plaintiff has the right of due process of law.

144. Defendants deprived Plaintiff of constitutional rights, including the right to be in Murrieta without due process of law.

145. Plaintiff was ordered out of Murrieta under the threat of detainment and citation;

146. Plaintiff was ordered not to return to Murrieta unless he ceases to live out of his car.

147. Each of these orders were illegal, unlawful, and imposed on Plaintiff without due process of law as required by the U.S. Constitution.

148. Defendant was acting under color of state law;

149. Plaintiff has been injured thereby. Plaintiff faces the threat of detainment, citation, arrest and/or prosecution if he enters Murrieta; no other citizen in this county faces a similar threat.

150. Defendants acts were the proximate cause of Plaintiff's injury.

<div style="text-align:center">

**THIRTEENTH CAUSE OF ACTION**
**42 USC 1983 – 4TH AMENDMENT**
**(Michael Jacob, City of Murrieta)**

</div>

151. Plaintiff incorporates all preceding allegations herein.

152. While Plaintiff was not detained on January 27, 2017, he was threatened with detainment if he did not leave Murrieta, and by virtue of disobedience to Defendant's police order not to return to Murrieta unless Plaintiff ceases to live out of his car, Plaintiff faces a threat to his 4th Amendment rights to be free from unreasonable seizure.

153. It is unreasonable to seize a homeless person because they refuse to leave a city;

154. It is unreasonable to seize a homeless person because they return to a city driving a car that they live out of;

155. Defendant was acting under color of state law;

156. Plaintiff has been injured thereby. Plaintiff faces the threat of detainment, citation, arrest and/or prosecution if he enters Murrieta; no other citizen in this county faces a similar threat.

157. Defendants acts were the proximate cause of Plaintiff's injury.

<div style="text-align:center">

**FOURTEENTH CAUSE OF ACTION**
**42 USC 1983 – 4, 14TH AMENDMENT**
**(Doe 3, City of Murrieta)**

</div>

158. Plaintiff incorporates all preceding allegations herein.

159. In or about December 2017 Plaintiff was legally walking in an area of Murrieta which is owned by the state or county. Doe 3 drove up to Plaintiff and said he was authorized by the county/state agency owning the property he could arrest anyone he wants on that property. On

information and belief, he is authorized only to tell homeless people to leave that area if they are living in that area, and then arrest them if they don't leave.   Plaintiff does not live in that area. The trail Plaintiff was on is driven over by about 70 cars per day, and is used by bicycle, walk, ride motorcycles, ATVs and horseback ride.   Yet only Plaintiff was excluded from the use of that trail and area.   This was because minutes earlier Doe 3 had talked to Plaintiff when he was parked in his car in Temecula and believed Plaintiff to be homeless.

160. Plaintiff had a liberty interest and equal protection interest to utilize that trail and are of Murrieta.

161. Plaintiff was deprived of these rights by Doe 3.  Similarly situated people are allowed to use that trail and area.

162. Plaintiff complained about 5 times to the police chief and various commanding officers who did nothing to alleviate the matter, and they have ratified that conduct and/or it is policy of the city.

163. Defendants were acting under color of state law;

164. Plaintiff has been injured thereby.  Plaintiff faces the threat of detainment, citation, arrest and/or prosecution if he enters that area of Murrieta; no other citizen in this county faces a similar threat.

165. Defendants acts were the proximate cause of Plaintiff's injury.

### FIFTEENTH CAUSE OF ACTION
### 42 U.S.C 1983 – Civil Rights Violations - Incident 3
### (Does 4-5, City of Murrieta)

166. Plaintiff incorporates all allegations of the complaint herein.

167. On or about December 16, 2017 at about 9:30 am Plaintiff was legally sitting in his car on Borel Rd. near Winchester Rd. overlooking the south end of the runway when 2 Murrieta police officers pulled up behind Plaintiff, told Plaintiff he was not free to leave, and demanded Plaintiff's driver's license.

168. Plaintiff did not feel free to leave and gave them his driver's license, and after a few minutes of doing a background check Plaintiff was permitted to leave.

169. Defendants were acting under color of state law.

170. Plaintiff had his civil rights violated under the 4th and 14th Amendments.

171. Plaintiff was injured thereby having lost his rights and having to live in fear of unlawful detainments.

172. Defendants acts were the proximate cause of Plaintiff's injury.

### SIXTEENTH CAUSE OF ACTION
### 42 U.S.C 1983 – Civil Rights Violations - Incident 4
### (Does 7-8, City of Murrieta)

173. Plaintiff incorporates all allegations of the complaint herein.

174. On or about January 9, 2018 at about 12:30 pm Plaintiff was legally sitting in his car on Borel Rd. near Winchester Rd. when 2 Murrieta police officers pulled up behind Plaintiff, told Plaintiff he was not free to leave, and demanded Plaintiff's driver's license.

175. Plaintiff did not feel free to leave and gave them his driver's license, and after a few minutes of doing a background check Plaintiff was permitted to leave.

176. Defendants were acting under color of state law.

177. Plaintiff had his civil rights violated under the 4th and 14th Amendments.

178. Plaintiff was injured thereby having lost his rights and having to live in fear of unlawful detainments.

179. Defendants acts were the proximate cause of Plaintiff's injury.

### SEVENTEENTH CAUSE OF ACTION
### 42 U.S.C 1983 – Civil Rights Violations - Incident 5
### (Does 9, 10, City of Murrieta)

180. Plaintiff incorporates all allegations of the complaint herein.

181. On or about July 1, 2018 at about 11:30 am Plaintiff was legally sitting in his car on Borel Rd. near Winchester Rd. when 2 Murrieta police officers pulled up behind Plaintiff, told Plaintiff he was not free to leave, and demanded Plaintiff's driver's license.

182. Plaintiff did not feel free to leave and gave them his driver's license, and after a few minutes of doing a background check Plaintiff was permitted to leave.

183. Defendants were acting under color of state law.

184. Plaintiff had his civil rights violated under the 4th and 14th Amendments.

185. Plaintiff was injured thereby having lost his rights and having to live in fear of unlawful detainments.

186. Defendants acts were the proximate cause of Plaintiff's injury.

### EIGHTEENTH CAUSE OF ACTION
### Federal, California State Constitution Violations - Bane Act
### (Does 9, 10, City of Murrieta)

187. Plaintiff incorporates all allegations of the complaint herein.

188. On or about July 1, 2018 at about 11:30 am Plaintiff was legally sitting in his car on Borel Rd. near Winchester Rd. when 2 Murrieta police officers pulled up behind Plaintiff, told Plaintiff he was not free to leave, and demanded Plaintiff's driver's license.

189. By the use of fear and force, Plaintiff lost rights owing him to be free from unreasonable seizure under the state and federal constitution. Plaintiff had otherwise the right to leave and go about his business which was taken from him.

190. Plaintiff was and is injured by Defendant's actions losing state and federal rights and suffering mentally and emotionally.

191. The city of Murrieta is responsible for the Doe Defendants actions under, among other things, respondeat superior.

192. Defendants were acting under color of state law.

193. Defendants' actions were the proximate cause of Plaintiff's injury.

### NINTEENTH CAUSE OF ACTION
### Federal, California State Constitution Violations - Bane Act
### (Does 9, 10, City of Murrieta)

194. Plaintiff incorporates all allegations of the complaint herein.

195. Judge R. Gary Klausner, Magistrate Rozella Oliver and Does 11-40 be enjoined from taking further actions to further the conspiracy to obstruct justice for Plaintiff or taking further actions to adjudicate in any manner Plaintiff's court cases.

196. Defendants were acting under color of federal law.

197. Defendants' actions were the proximate cause of Plaintiff's injury.

**Relief Sought**

ON CAUSES OF ACTION 1, 6, 8:

    1.  That Jacob be enjoined from detaining, citing, arresting Plaintiff for the sole act of driving into Murrieta in a car which he lives out of, or appears to live out of;

    2.  For Costs;

ON CAUSES OF ACTION 9:

    1.  That it be declared that Jacob has no right in citing, arresting Plaintiff for the sole act of driving into Murrieta in a car which he lives out of, or appears to live out of;

    2.  For Costs;

ON CAUSES OF ACTION 2,3,4,5,10,11,12:

    1.  For damages of $750,000 (Jointly and Severable against Michael Jacob, City of Murrieta).

    2.  For Costs;

    3.  For other such relief the Court deems proper.

ON CAUSES OF ACTION 13:

    1.  For damages of $250,000 (Jointly and Severable against Michael Jacob, City of Murrieta).

    2.  For Costs;

    3.  For other such relief the Court deems proper.

ON CAUSES OF ACTION 7 :

    1.  For damages of $25,000 (Jointly and Severable against Defendants listed therein).

2.  For Costs;

ON CAUSES OF ACTION 14:

1.  For damages of $25,000 (Jointly and Severable against Defendants listed therein).

2.  For Costs;

3.  For other such relief the Court deems proper.

ON CAUSES OF ACTION 15:

1.  For damages of $25,000 (Jointly and Severable against Defendants listed therein).

2.  For Costs;

ON CAUSES OF ACTION 16:

1.  For damages of $25,000 (Jointly and Severable against Defendants listed therein).

2.  For Costs;

ON CAUSES OF ACTION 17, 18:

1.  For damages of $25,000 (Jointly and Severable against Defendants listed therein).

2.  For Costs;

ON CAUSES OF ACTION 19:

1.  For the relief therein sought.

Dated:  January 24, 2019

Aaron Raiser





Align top of FedEx Express® shipping label here.

ORIGIN ID: SZBC   (818) 703-9804
MARK - EDWARD BAILEY
CBS PASTURE INS
24044 VENTURA BLVD
WOODLAND HILLS, CA 91364
UNITED STATES US

SHIP DATE: 26JAN19
ACTWGT: 1.00 LB
CAD: 9886844/WSXI3500

BILL SENDER

CLERK'S OFFICE
312 N SPRING ST. ROOM G-8
LOS ANGELES CA 90012
(818) 561-4610

JAN 28 2019

FedEx E e

TRK# 7051 5707 2786
MON - 28 JAN 10:30A
PRIORITY OVERNIGHT

XH EMTA
90012
CA-US LAX

FedEx® Express

Extremely Urgent

**For FedEx Express® Shipments Only**

Contents should be compatible with the container and packed securely. For shipping terms and conditions and our limits of liability, refer to the applicable FedEx Express shipping document, the current FedEx Service Guide, or conditions of carriage.

For more information on FedEx Express services, solutions, and shipping locations, go to **fedex.com**, or contact your nearest FedEx location.

© 2018 FedEx 155475/155476 REV 3/18

See how FedEx connects the world in responsible and resourceful ways at **environment.fedex.com**. Join our efforts by recycling this FedEx envelope.

◄ Insert shipping document here.

