Aaron Raiser,
Email: aaron_raiser@yahoo.com
20058 Ventura Blvd.  #113
Woodland Hills, Ca  91364
P:  818.581.4818

In Pro Per

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>                    Plaintiff,<br><br>vs.<br><br><br>City of Murrieta,<br>Michael Jacob,<br>Rick Gibbs,<br>Honorable Virginia A Phillips,<br>Honorable R. Gary Klausner,<br>Honorable Manuel Real,<br>Honorable Dolly M. Gee,<br>Honorable Terry J. Hatter,<br>Honorable Percy Anderson,<br>Honorable Stephen V. Wilson,<br>Honorable S. James Otero,<br>Honorable Stephen M. McNamee,<br>Does 1-50,<br><br>                    Defendants. | Case No:  5:19-cv-00183 R-KK<br><br><br>FIRST AMENDED COMPLAINT<br><br>1. BANE ACT – CIV. CODE §52.1<br>2. 42 USC 1983 – RIGHT TO PETITION<br>3. 42 USC 1983 – FREEDOM OF ASSOCATION<br>4. UNRUH CIVIL RIGHTS<br>5. 42 USC 1983 – EQUAL PROTECTION<br>6. 42 USC 1983 – INTRASTATE TRAVEL<br>7. 42 USC 1983 – INTERSTATE TRAVEL<br>8. 42 USC 1983 – 4TH AMENDMENT<br>9. 42 USC 1983 – DUE PROCESS OF LAW<br>10. DECLARATORY JUDGMENT<br>11. INJUNCTIVE RELIEF<br>12. MANDAMUS RELIEF<br>13. DELIBERATE INDIFFERENCE<br><br>JURY DEMAND |

Plaintiff complains against Defendants and for causes of action alleges:

## PARTIES

1.    Plaintiff is a resident of Riverside County.

2.    City of Murrieta is a political subdivision of the state of California.

3.    Michael Jacob is a Murrieta city police officer sued in his individual capacity and on information and belief a resident of Riverside County.

4.    Rick Gibbs is former mayor of Murrieta and a resident of Riverside county.

5.    Honorable Virginia A Phillips, Honorable R. Gary Klausner,  Honorable Manuel Real, Honorable Dolly M. Gee,  Honorable Terry J. Hatter,  Honorable Percy Anderson, Honorable Stephen V. Wilson,  Honorable S. James Otero, Honorable Stephen M. McNamee (D. AZ) are United States District Court Judges sued in an official capacity; Magistrate Rozella Oliver is a magistrate of this court sued in an official capacity (collectively "Federal Judges").

6.    Doe 1-50 are responsible for wrongs alleged herein whom Plaintiff is unable to identify by name at present and whom Plaintiff shall name when their identify becomes available.

<h2 align="center">7.    <u>JURISDICTION AND VENUE</u></h2>

8.    This Court has jurisdiction pursuant to Civil Code 52, 52.1, concurrent jurisdiction under 42 USC 1983 and the common law.   Damages sought exceed $75,000.

9.    Venue is proper in this Court because the acts of the Defendants took place in Murrieta, and Riverside county, CA.

<h2 align="center">EXHAUSTION OF ADMINISTRATIVE REMEDIES</h2>

10. Plaintiff filed with the city of Murrieta a governmental notice of claim regarding some of the allegations found herein (the July 1, 2018 unlawful detainment) in or about October 2018 the city of Murrieta denied those claims in or about November 2018.

11. The original complaint in this action was in possession of the clerk of this Court on January 28, 2019.

<h2 align="center"><u>GENERAL ALLEGATION AS TO ALL CAUSES OF ACTION</u></h2>

<h3 align="center">(As To All Defendants)</h3>

**Federal Judges Issues.**

12.  Staff of the federal judges have conspired together, with other staff of this Court, and with staff of the 9th Circuit in what is alleged to be the greatest undertaking of corruption ever to exist in the federal court since 1789.  This is reasonably summarized in 5:17-cv-00217-RGK-RAO at Docs. 218.

The referred to document is a motion to recuse and shows court staff abusing the recusal process where staff of Klausner and Oliver shred Plaintiff's right to access to the court in fairly evident bias, and staff play games with the recusal process, preventing any judge from seeing the recusal motion or being aware their staff is ruling on it, upholding some of the most absurd and blatant bias and corruption in the federal courts.    Judge Klausner, or his staff completely, additionally, refuse to refer the recusal motions to judges in the Santa Ana division per standing court order.   See Doc. 218 generally.

Doc. 218 shows how perfectly meritorious cases are dismissed, and, how the court does all in its power to defeat Plaintiffs cases.  See Doc. 218 generally.

Doc. 218 shows staff of this court conspiring with and working closely with Susan Gelmis and her staff in the 9th Circuit to deny Plaintiff the right to any meaningful appeal, as Susan Gelmis and her staff, alone, now prevent Plaintiff's appeals from ever being heard or seen by an appellate justice.  See Doc. 218 58:21 – 178:2.

That is only the start.  It has to be read, fully, completely, by someone with ample time, impartiality and interest to sink in what is happening.

What Plaintiff sees happening is the pro pers are so disdained and frowned upon and their rights taken so lightly, and no one takes this matter seriously.

13. New facts supporting the Federal Judges defendants, and in particular Judge Real, is seen from the amazing by chance occurrence that Judge Real has been assigned – allegedly randomly - to Plaintiff's recusal motions in 3 past cases where recusal was sought of Klausner, and then a "random" assignment of Judge Real as judge in this case.  Here is the breakdown:

1. 5:17-cv-01824-RGK-RAO  Aaron Raiser v. City of Murrieta  Doc. 21 (Nov. 20, 2017)

2. 5:17-cv-217-RGK, Raiser v. City of Temecula, Doc. 33  - referred to Real on July 14, 2017 (11:35 AM).

3.  5:15-cv-00310-RGK-RAO Aaron Raiser v. Michael Treinen  Doc. 104 - referred to Real on July 14, 2017 (11:32 AM).

4.  January 28, 2019 "Random" assignment to this case.

Here are the statistics.   There are approximately 24 available judges in this District Court to either take this case or take a recusal motion.

The probability that Plaintiff would be randomly assigned Real to take a recusal motion is 1 in 24 for 5:15-cv-217-RGK.

The probability that Plaintiff would be randomly assigned Real to take a recusal motion is 1 in 24 for 5:15-cv-00310-RGK-RAO.

The probability that Plaintiff would be randomly assigned Real to take a recusal motion is 1 in 24 for 5:17-cv-01824-RGK-RAO.

The probability of getting Judge Real randomly assigned in all 3 cases seeking recusal is 1 / 24 x 1 / 24 x 1 / 24 = 1 in 13,824.

There was a 1 in 23 chance Judge Real would be assigned the present case.   The odds of each of these events randomly occurring then is:

**1 / 23 x 1 / 13,824 = 1 in 317,952.**

No sane rational person is going to believe Plaintiff's recusal motions or case assignments are "random".   It defies believability.

This means there is corroboration and corruption in the staff in this court who behind the scenes and without judge's knowledge are playing games with Plaintiff's cases and access to the courts, and that has been done intentionally to assign this case to Judge Real so his staff can carry on Klausner's

staff's tradition of denying Plaintiff's access to the courts as Doc. 218 referred to above clearly shows.

Also of importance, each of the 3 above cases were the only 3 pending cases Plaintiff had in 2017.  So its not like there was another case where Real was NOT assigned when recusal was sought.

Another key factor is that in 5:17-cv-217-RGK the "random" assignment was made July 14, 2017 (11:35 AM) and in 5:15-cv-00310-RGK-RAO on July 14, 2017 (11:32 AM), or 3 minutes apart.  Obviously something wrong is going on here.  It is alleged on information and belief the computer program used for the random assignments would not allow the same judge to be assigned one recusal motion after another, and Robert Nadares is violating General Orders of this court and bypassing the "random" assignment of recusal motions, and intake staff in corroboration with other staff of Klausner intentionally assigned this case to Real to further defeat Plaintiff's cases and to carry on the tradition of this Court to inflict injustice on Plaintiff at every chance.

This has been done as part of a conspiracy to always defeat Plaintiff's cases which he brings, and no matter who the defendant is, this court staff and judge's staff are going to ensure that party wins, no matter how absurd.  They'll make it look good, but anyone scrutinizing their rulings quickly see the injustice and what is taking place.

### City of Murrieta et. al. issues

5.   On or about January 27, 2017 Plaintiff was legally sitting in his car parked on the street in Murrieta; the time of day was around 1 pm.

6.   Defendant Michael Jacob approached Plaintiff's and expressed his belief that Plaintiff was homeless and living out of Plaintiff's car.

7.   Defendant then told Plaintiff it was illegal to live out of one's vehicle in the city of Murrieta which statement was false.

8.   Plaintiff asked if he were free to leave and said Plaintiff could leave and indicated if Plaintiff stayed he would cite Plaintiff.

9.   Defendant and told Plaintiff he had to leave the city of Murrieta.

10.  In so many words, Defendant told Plaintiff that he was not allowed in Murrieta if Plaintiff was living out of his car.

11.  By Defendant's language, threats and demeanor, Plaintiff felt threatened with detainment, citation, arrest, jail and prosecution if Plaintiff if Plaintiff drove into Murrieta in a car he were living out of.

12.   Plaintiff does live out of his car.  There are no Murrieta laws that prohibit a person from driving into Murrieta in a car they live out of, or living in a car in the city of Murrieta.

13.   Plaintiff has been excluded by threats, intimidation and coercion from Murrieta.

14.   Plaintiff has been excluded by threats, intimidation and coercion from Murrieta from access and accommodation to all businesses in Murrieta, unless of course Plaintiff walks into Murrieta.

15.   While Plaintiff as not been precluded from walking in to Murrieta Plaintiff has a bad knee and back which prohibit from walking into Murrieta, especially when needing to carry anything, and further personal safety issue and personal reasons make walking into Murrieta prohibitive.   Plaintiff can easily be hit by a car while walking to and from Murrieta and the main streets to and from businesses in Murrieta from Temecula such as Ynez and Jefferson have no sidewalks.

16.  Plaintiff also recently had the passenger side window of his car smashed out by vandals/thieves and as a result Plaintiff has no money to fix it and can't leave his car alone as all his belongings can be stolen making travel via walking prohibitive.

17.  Plaintiff fears future detainment, citation and/or arrest, including prosecution, if he drives into the city of Murrieta, including violence from the police to effectuate any detainment and/or arrest of Plaintiff if he returns to Murrieta in his car.

**COMPLAINT**

18.  Plaintiff faces imminent threat of injury if he returns to Murrieta in his car of future detainments, possible citation, arrest and jail, and prosecution, and has a reasonable fear of such.

19.  Plaintiff fears physical force by the police – amounting to violence – in arresting Plaintiff if he again enters the city of Murrieta.   Plaintiff does not go into the city of Murrieta limits as a result of Defendant's threats.

20.  In each cause of action and factual allegation Michael Jacob was acting within the course and scope of his employment with city of Murrieta who is liable under respondeat superior for his actions for state law claims herein, and pursuant to custom, policy and training of city of Murrieta.

21.  On or about December 1, 2017 Plaintiff sent a letter to the Murrieta police chief, Mayor, and each city council member about Jacob's conduct alleged herein and ask that they simply speak with Jacobs and get Plaintiff an assurance that Jacob would not follow though on any of his threats if Plaintiff returns to Murrieta in is car.  The whole matter could have been resolved and no need to bring the present action as to future injury, and absent other constitutional violations, this entire case likely could have been avoided.

22.  Each of these in turn refused to take any action to resolve the matter or to allow Plaintiff to return to Murrieta in his car, and each, including the city of Murrieta, have made, accepted, and ratified Jacob's actions and as a result his actions are the official custom, policy and practice of Murrieta.

23.  Plaintiff's dentist of 8 years is in Murrieta.   Plaintiff has special needs reasons for going to that dentist.   As a result of Defendant's actions Plaintiff has been precluded from seeing his dentist for 2 ½ years, resulting in damage to Plaintiff's teeth and now becoming a threat to Plaintiff's health and life.

24.  On or about October 2017 Plaintiff needed to get an brain MRI for possible life threatening health issues and Plaintiff's insurance only covered the procedure in Murrieta. Plaintiff barely had the money and was forced to travel to Fallbrook for the same procedure and pay for it himself.

**COMPLAINT**

25.  Plaintiff has been precluded from patronizing businesses in Murrieta, including accommodations provided by those businesses, been unable to seek work in Murrieta, worship at any church in Murrieta, petition Murrieta city council in person at Murrieta city council meetings for redress for what they and Jacob has done, and been denied the chance to travel via car through its streets.

26.  The unlawful detainments of Plaintiff are due to a custom, policy or practice, official or unofficial, of the city of Murrieta to unlawfully detain citizens who are not suspected of violating any laws, including homeless people, and to exclude homeless people from their city.   Plaintiff has been personally unlawfully detained with no basis by the Murrieta police 7 times in the past 5 years, all when Plaintiff was in Temecula or outside of Murrieta, and based on Plaintiff's communications with other homeless persons in the area, the city of Murrieta policy of unlawfully detained other homeless persons on 50 separate occasions without basis all in the past 5 years.

27.  Plaintiff has been precluded from entering Murrieta due to the unlawful threats of Jacobs.

28.  Jacobs threats are real, and imminent upon Plaintiff's return to Murrieta.

29.  Jacobs "speech" made in making the threats do not involve speech alone as those threats were made by someone with a gun in his holster, who also had handcuffs, and who is empowered by the state to incarcerate Plaintiff at his discretion for violating his orders, even when wrong.

30.  Jacobs "speech" to arrest Plaintiff also entailed the use of force and violence to follow through with his threats as Plaintiff would be subjected to violence to be arrested or detained against his wishes to be cited Jacob if Plaintiff chose to leave against Jacob's orders.

31.  For example, if Jacob unlawfully threatens to cite or arrest Plaintiff if he entered a city council meeting, which Plaintiff and all others had the right to do, wit Jacob standing next to the door when making that threat, and Plaintiff attempted to walk up and pull open the door to go inside the city council meeting, there is the natural threat Jacob shall use

violence to restrain Plaintiff, prevent him from entering, with Jacob tackling Plaintiff, forcing him to be handcuffed and  taken to jail etc.

32.   Plaintiff has been subjected to speech containing threats of violence:

    18 U.S. Code § 16 defines violence as that which "has as an element the use, attempted use, or threatened use of physical force against the person or prop-erty of another," or "by its nature, involves a substantial risk that physical force against the person"

The legal dictionary at  https://legal-dictionary.thefreedictionary.com/violence define it as:

VIOLENCE. The abuse of force. Theorie des Lois Criminelles, 32. That force which is employed against common right, against the laws, and against public liberty. Merl. h. t, 2. In cases of robbery, in order to convict the accused, it is requisite to prove that the act was done with violence; but this violence is not confined to an actual assault of the person, by beating, knocking down, or forcibly wresting from him on the contrary, whatever goes to intimidate or overawe, by the apprehension of personal violence, or by fear of life, with a view to compel the delivery of property equally falls within its limits. Alison, Pr. Cr. Law of Scotl. 228; 4 Binn. R. 379; 2 Russ. on Cr. 61; 1 Hale P. C. 553. When an article is merely snatched, as by a sudden pull, even though a momentary force be exerted, it is not such violence as to constitute a robbery. 2 East, P. C. 702; 2 Russ. Cr. 68; Dig. 4, 2, 2 and 3.

A Law Dictionary, Adapted to the Constitution and Laws of the United States. By John Bouvier. Published 1856.

Black's online law dictionary at https://thelawdictionary.org/violence/ states:

What is VIOLENCE?

**COMPLAINT**

The term "violence" is synonymous with "physical force," and the two are used interchangeably, iu relation to assaults, by elementary writers on criminal law. State v. Wells, 31 Conn. 212.

33. Plaintiff has been subject to violence, the threat of violence, the threat of the use of physical force, and the like against his person if not complying with Jacob's threats against Plaintiff alleged herein.

34. Judge R. Gary Klausner, Magistrate Rozella Oliver, and/or Does 11-40 have vowed a vow and conspired with a conspiracy to obstruct justice and do all within their power to defeat Plaintiff's cases filed in this court, have taken steps to further said conspiracy, and there is a meeting of the minds between these and the other defendants.   Full supporting evidence for this is found in case 5:17-cv-00217-RGK-RAO Docs. 218.   To the extent Judge R. Gary Klausner, Magistrate Rozella Oliver are not actively engaged in said conspiracy, they have ministerial abdicated their judicial duties to court staff who are part of the conspiracy and are otherwise engaging in deliberate indifference to Plaintiff's heinous civil rights violations of other defendants and this court's staff.

35. Judge R. Gary Klausner, Magistrate Rozella Oliver, and/or Does 11-40 and as such are one and the same with the remaining defendants in this case and have engaged in ministerial acts of corruption and obstruction of justice of Plaintiff's right to access to the federal courts.  Full supporting evidence for this is found in case 5:17-cv-00217-RGK-RAO Docs. 197, 207, 218.

## FIRST CAUSE OF ACTION

## Cal. Civ. Code §52 Violations – Unruh Civil Rights

### (Michael Jacob, City of Murrieta)

36.  Plaintiff incorporates all allegations of the Complaint herein.

37. Under the Unruh Civil Rights Act it is wrongful to deny a person equal accommodations and access to a public business.

**COMPLAINT**

38.  Unruh Civil Rights violations also occur when someone is denied equal accommodations or public business access to any person on arbitrary and/or capricious grounds.  See In re Cox (1970) 3 Cal. 3d 205.

39.  Had Defendant prevented Plaintiff from entering a business in Murrieta on the grounds Plaintiff's car was not appearing up to some standard, Defendant would be violating the Unruh Act.

40.  Defendant has prevented Plaintiff from entering any and **all businesses** in Murrieta, denying Plaintiff equal accommodations under the Unruh Act.

41.  While Plaintiff as not been precluded from walking in to Murrieta Plaintiff has a bad knee and back which prohibit from walking into Murrieta, especially when needing to carry anything, and further personal safety issue and personal reasons make walking into Murrieta prohibitive.

42.   Defendants' acts in denying Plaintiff the right to public accommodations in Murrieta was arbitrary and/or capricious.  Defendant also denied Plaintiff access to accommodations in Murrieta because he was homeless and to this extent, Defendant's actions were substantially motivated on that, and are arbitrary and capricious.

43.   Defendants were acting under color of state law.  Defendant acted intentionally. Defendant acted out of malice towards the homeless.

44.   Plaintiff was injured thereby;

45.   Defendants acts were the proximate cause of Plaintiff's injury.

46.  Plaintiff seeks injunctive, declaratory and mandamus relief only to allow Plaintiff to return in his car to Murrieta.

## SECOND  CAUSE OF ACTION

### 42 U.S.C 1983 –  First Amendment Right To Petition

### (Michael Jacob, City of Murrieta)

47.   Plaintiff incorporates all allegations of the Complaint herein.

48.    Plaintiff has a right to petition government for a redress of grievances under the 1st Amendment.

**COMPLAINT**

49.   Plaintiff was and is desirous to petition Murrieta city council for a redress of grievances for Defendant forcing Plaintiff out Murrieta because of Plaintiff appearing to live out of his car.

50.  This right was denied and/or unconstitutionally burdened by Defendant precluding Plaintiff from coming physically to a Murrieta city council meeting which are held in Murrieta.

51.  Defendants actions constituted a prior restraint on free speech.

52.  Plaintiff was injured thereby;

53.  Defendant was acting under color of state law;

54.  Defendants actions were the proximate cause of Plaintiff's injury.

55.  Plaintiff seeks injunctive, declaratory and mandamus relief only to allow Plaintiff to return in his car to Murrieta.

**THIRD CAUSE OF ACTION**

**42 U.S.C 1983 –  First Amendment Freedom of Association**

**(Michael Jacob, City of Murrieta)**

56.   Plaintiff incorporates all allegations of the Complaint herein.

57.    Plaintiff has a right to freedom of association.

58.   Plaintiff has a first amendment right to associate with his dentist, optometrist, those offering the MRI and other business owners and citizens in Murrieta.

59.  Plaintiff's right to association was burdened and/or denied as a result of the actions of Defendant.

60.  Plaintiff is desirous to enter Murrieta to associate with his dentist, optometrist, business owners and other citizens of Murrieta, including healthcare providers;

61.  Plaintiff has been precluded from entering Murrieta to associate with his dentist, optometrist, business owners and other citizens of Murrieta as a result of the unlawful threats of Defendant, including healthcare providers;

62.  Plaintiff has been denied the right to come into Murrieta to work.

63.  Plaintiff was injured thereby;

**COMPLAINT**

64.  Defendant was acting under color of state law;

65.  Defendants actions were the proximate cause of Plaintiff's injury.

**FOURTH CAUSE OF ACTION**

**42 U.S.C 1983 – EQUAL PROTECTION**

**(Michael Jacob, City of Murrieta)**

66.  Plaintiff incorporates all preceding allegations herein.

67.  Plaintiff had his right to intrastate travel taken and/or burdened.

68.  The court in United States v. Wheeler (1920) 254 U.S. 281, 293 said: "In all the states, from the beginning down to the adoption of the Articles of Confederation, the citizens thereof possessed the fundamental right, inherent in citizens of all free governments, peacefully to dwell within the limits of their respective states, <u>to move at will from place to place therein</u> …"

69.  "the right of locomotion, the right to remove from one place to another according to inclination, is an attribute of personal liberty, and <u>the right, ordinarily, of free transit from or **through the territory of any State** is a right secured by . . . the Constitution.</u>"  Williams v. Fears  179 U.S. 270 (1900).

70.   Plaintiff has been denied equal protection of laws, Defendants having intentionally acted to treat Plaintiff differentially than others similarly situated in Murrieta who can drive, park and sit in their cars on city streets without issue and ONLY Plaintiff is ordered out due to the appearance of his car.   There is no rational basis for the differential treatment.

71.  All other citizens in the United States can travel into and through Murrieta in their automobiles, and only Plaintiff can not due to him living out of it.

72.  No federal, state or local laws prohibit a person from travelling into or through a city due to them living out of their car.

73.  Plaintiff and Plaintiff alone must walk into Murrieta and not drive his car, and there is no rational basis for that; further, Plaintiff has a bad knee making walking long distances

difficult if not impossible, and there are safety issues in walking such as being struck by a car.   Plaintiff would be otherwise forced to take a bus, however, busses are very intermittent in Temecula to Murrieta, and there are severe waiting times, and health issues; for example, people who ride the bus might be, and are sick, and sneeze, getting fellow riders sick, and in San Diego there is a hepatitis A outbreak which is close to Temecula, and easily Plaintiff might pick up hepatitis A riding a bus, especially a crowded one. Plaintiff further has personal/religious beliefs which limit his ability to take public transportation.

74.  There are personal freedom issues being forced to ride a bus.   No one else is forced to do such things to come into Murrieta and there is no rational basis for forcing Plaintiff to do these things.

75.  Defendant was acting under color of state law;

76.  Plaintiff has been injured thereby.  Plaintiff has suffered mentally, emotionally, and been precluded from engaging in commerce and receiving needed medical car in Murrieta;

77.  Plaintiff faces the threat of detainment, citation, arrest and/or prosecution if he enters Murrieta; no other citizen in this county faces a similar threat.

78.  Defendants acts were the proximate cause of Plaintiff's injury.

**FIFTH CAUSE OF ACTION**

**42 U.S.C 1983 – Intrastate Travel**

**(Michael Jacob, City of Murrieta)**

79.  Plaintiff incorporates all preceding allegations herein.

80.  Plaintiff had his right to intrastate travel and for it not to be burdened.

81.  The court in United States v. Wheeler (1920) 254 U.S. 281, 293 said: "In all the states, from the beginning down to the adoption of the Articles of Confederation, the citizens thereof possessed <u>the fundamental right</u>, inherent in citizens of all free governments, peacefully to dwell within the limits of their respective states, <u>to move at will from place to place therein</u> … "

**COMPLAINT**

82.  "the right of locomotion, the right to remove from one place to another according to inclination, is an attribute of personal liberty, and the right, ordinarily, of **free transit from or through the territory of any State** is a right secured by . . . the Constitution."  Williams v. Fears  179 U.S. 270 (1900).

83.  "it would be meaningless to describe the right to travel between states as a fundamental precept of personal liberty and not to acknowledge a correlative constitutional right to travel within a state."   King v. New Rochelle Mun. Hous. Auth., 442 F.2d 646, 648 (2d Cir. 1971).

84.  Plaintiff has had his right to intrastate travel burdened.  Plaintiff is unable to travel the I-15 and I-215 to travel freely to other parts of the state.

85.  Plaintiff has been denied a liberty right – exclusion from Murrieta – without due process of law under the 4th and 14th Amendments of the U.S. Constitution.  Plaintiff has been denied the right to intrastate travel or has alternatively had the right to intrastate travel impermissibly burdened.

86.  Plaintiff in the past has travelled the streets of Murrieta to shop, to visit his dentist, optometrist, and for medical care among other things and desires to do so in the future.

87.  As a result of Defendants' actions and threats Plaintiff has been unable to enjoy his right to intrastate travel through and in Murrieta.

88.  Plaintiff has suffered mentally and emotionally be being denied this right; Plaintiff has suffered pain and health issues by not being able to visit his dentist; Plaintiff has been forced to go to other cities far distant for medical car and to pay for that himself due to insurance not paying for a procedure outside of Murrieta.  Plaintiff has suffered financially in extra travel costs.

89.  Plaintiff is in fear of losing his civil rights if he returns to Murrieta.

90.  Plaintiff has been denied the right to travel in the city of Murrieta for all practical purposes.

91.  Plaintiff is in imminent fear of being detained, cited and / or arrested if he returns to Murrieta.

92.  Defendant was acting under color of state law;

93.  Plaintiff has been injured thereby.

94.  Defendants acts were the proximate cause of Plaintiff's injury.

### SIXTH CAUSE OF ACTION

### California State Constitution Violations - Bane Act

### (Michael Jacob, City of Murrieta)

95.  Plaintiff incorporates all allegations of the complaint herein.

96.   The Bane Act proscribes in California Civil Code § 52.1 a person from doing the following: "interfer[ing] by threats, intimidation, or coercion, or attempt[ing] to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., `threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he . . . he had the right to do under the law or to force the plaintiff to do something that he . . . was not required to do under the law. Shoyoye v. County of Los Angeles, 203 Cal.App.4th 947, 955-56 (2012) (quoting Jones v. Kmart Corp., 17 Cal.4th 329, 334 (1998)). "A defendant is liable if he or she interfered with or attempted to interfere with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion." Id. at 846.

97.  One of many rights interfered with is the right to travel upon the public street of a city the court in Escobedo v. State of California (1950) 35 Cal.2d 870, 875-876,4 the court stated in part:

> "Fundamentally it must be recognized that in this country 'Highways are for the use of the traveling public, and all have ...the right to use them in a reasonable and proper manner, and subject to proper regulations as to the manner of use.' (13 Cal.Jur.371, § 59.) 'The streets of a

city belong to the people of the state, and the use thereof
is an inalienable right of every citizen, subject to
legislative control or such reasonable regulations as to
the traffic thereon or the manner of using them as the
legislature may deem wise or proper to adopt and impose.'
(19 Cal.Jur.54, § 407.) 'Streets and highways are
established and maintained primarily for purposes of travel
and transportation by the public, and uses incidental
thereto. Such travel may be for either business or pleasure
. . . The use of highways for purposes of travel and
transportation is not a mere privilege, but a common and
fundamental right, of which the public and individuals
cannot rightfully be deprived . . . '[A]ll persons have an
equal right to use them for purposes of travel by proper
means, and with due regard for the corresponding rights of
others.' (25 Am.Jur.456-457, § 163; see, also, 40 C.J.S.
244-247, § 233.) Notwithstanding such general principles
characterizing the primary right of the individual, it is
equally well established (as is recognized in the texts
above cited) that usage of the highways is subject to
reasonable regulation for the public good. In this
connection, the constitutionality of various types of
financial responsibility laws has been often upheld against
contentions that they violated the due process clause of
the Fourteenth Amendment. 'The use of the public highways
by motor vehicles, with its constant dangers, renders the
reasonableness and necessity of regulation apparent. . . ."

98. The California Supreme Court stated:

**COMPLAINT**

1

2        "The streets of a city belong to the people of the

3    state, and every citizen of the state has a right to the

4    use thereof, subject to legislative control .... The right

5    of control over street traffic is an exercise of a part of

6    the sovereign power of the state ...." (Ex parte Daniels

7    [31 Cal.3d 550] (1920) 183 Cal. 636, 639 [192 P. 442, 21

8    A.L.R. 1172].) fn. 3

9        "'The use of highways for purposes of travel and

10    transportation is not a mere privilege, but a common and

11    fundamental right, of which the public and individuals

12    cannot rightfully be deprived ... [A]ll persons have an

13    equal right to use them for purposes of travel by proper

14    means, and with due regard for the corresponding rights of

15    others.'" (Escobedo v. State of California (1950) 35 Cal.2d

16    870, 875-876 [222 P.2d 1], fn. 4 quoting 25 Am.Jur.,

17    Highways, § 163, p. 457; italics added.)

18  99. Defendant attempted to – and has - interfere by threat, intimidation and/or coercion

19  with Plaintiff's exercise and enjoyment of rights secured by the U.S. and state Constitutions

20  and state and federal statute.   Plaintiff has the right to not be detained and cited, and to be

21  treated equally, under the 4th and 14th Amendments of the U.S. Constitution for simply

22  driving his car in Murrieta with personal belongings in it, however fervently that Defendant

23  dislikes that.   Plaintiff has the right to travel throughout the state unhindered and without

24  fear of arrest, citation or detainment simply because the city of Murrieta and/or Defendant

25  dislikes the homeless.   Plaintiff has the freedom to contract and certainly has the right to

26  see his dentist, optometrist and go get needed imaging done at the MRI lab in Murrieta and

27  enjoy contractual relations with these persons and businesses.   Plaintiff has the right to not

28  have his right to interstate travel burdened.   Plaintiff has the right to petition Murrieta city

council for redress for Defendant's wrongful conduct.    Plaintiff has the right to associate
with those whom he wished, in any city.  Each of these rights has been denied or materially
burdened.  Under the state constitution Plaintiff is also guaranteed similar rights.

100.        Given Plaintiff was threatened with citation, that also means Plaintiff can be
arrested, and as such Plaintiff fears the use of force and violence by Defendants if Plaintiff
returns to Murrieta.   Plaintiff also fears the use of violence being used against him if upon
return to Murrieta Plaintiff wishes to go about his business there and in refusing to be
unlawfully detained, the police shall engage in acts of violence to subdue and/or arrest
Plaintiff for the exercise of his right to be free from unreasonable seizure.

101.  Plaintiff additionally must – if Defendants attempt to cite Plaintiff – voluntarily be
detained where he otherwise would be free to go about his business if Defendants decide to
cite Plaintiff, and Plaintiff fears the use of force and violence if Plaintiff attempts to go
about his business.

102.  Plaintiff was and is injured by Defendant's actions.

103.    Defendant's actions were the proximate cause of Plaintiff's injury.

### SEVENTH CAUSE OF ACTION

### 42 U.S.C 1983 – Civil Rights Violations - Incident 2

### (Does 1-2, City of Murrieta)

104.    Plaintiff incorporates all allegations of the Complaint herein.

105.    Plaintiff was also legally sitting in his car in Temecula in April 2017 when 2
Murrieta officers - **Does 1-2 -** drove into Temecula and detained Plaintiff.  Plaintiff was
told he was not free to leave.  Plaintiff was detained for about 5 minutes.

106.  Neither officer suspected Plaintiff of breaking any laws.

107.  Plaintiff was breaking no laws.

108.  Plaintiff had been similarly detained by Murrieta officers on 2 prior occasions where
Plaintiff was legally minding his own business in Temecula.  None of those detainments are
part of this complaint for damages as that was over 2 years ago in or about 2014 and 2015,
however, they are included to show *Monell* liability.

**COMPLAINT**

109.   Police officers from Murrieta have also crossed into Temecula – usually they drive a Dodge Durango - especially in the North Diaz Rd. area and have unlawfully detained  other homeless citizens based on Plaintiff's conversations with homeless in the area, and on information and belief Murrieta police have unlawfully detained other homeless in the Temecula area without basis at least 8 occasions in the past 3 years.

110.   Plaintiff attempted to get via records requests information from Murrieta which might have shed light on the legality of the detainment in April 2017 and Murrieta refused to give any information.

111.   Plaintiff was seized.

112.   Does 1 - 2 acted intentionally to seize Plaintiff.

113.   The seizure was unreasonable.

114.   Defendants were acting under color of state law.

115.   Plaintiff had his civil rights violated under the 4th and 14th Amendments.

116.   Plaintiff was injured thereby having lost his rights and having to live in fear of unlawful detainments.

117.   Defendants acts were the proximate cause of Plaintiff's injury.

**EIGTH CAUSE OF ACTION**

**Injunctive Relief**

**(Michael Jacob, City of Murrieta)**

118.   Plaintiff incorporates all preceding allegations herein.

119.   Defendant must be enjoined from detaining, citing or arresting Plaintiff for coming into the city of Murrieta for the only reason being he driving a car with personal belongings in his car or a car that he appears to be  living out of.  Being homeless or living out of one's car is not a crime and cannot be used as a basis to run people out of town or arrest or threaten to arrest, detain, cite or take to jail.

120.   Plaintiff faces irreparable harm to his constitutional rights to be free to travel the streets of Murrieta in his car without such an injunction.

**COMPLAINT**

121.   Defendants own Plaintiff a duty not to cite/arrest him for baseless reasons or which are not authorized by law.

**NINTH CAUSE OF ACTION**

**Declaratory Relief**

**(Michael Jacob, City of Murrieta)**

122.   Plaintiff incorporates all preceding allegations herein.

123.   A Declaratory Judgment against Defendants is to issue to declare that Michael Jacob violated Plaintiff's state and federal rights when he forced Plaintiff out of Murrieta due to him being homeless and living out of his car; that there are no laws which solely prohibit in Murrieta a person from living out of their or sleeping in their car; that Michael Jacob has no basis to detain, cite, or arrest Plaintiff if he returns to Murrieta while driving a vehicle which he lives out of.

**TENTH CAUSE OF ACTION**

**42 U.S.C 1983 –  First Amendment Freedom of Religion**

**(Michael Jacob, City of Murrieta)**

124.    Plaintiff incorporates all allegations of the Complaint herein.

125.    Plaintiff has a right to freedom of worship under the 1st Amendment.

126.    Plaintiff was and is desirous to drive into Murrieta to attend church services of his choice therein.

127.   This right was denied and/or unconstitutionally burdened by Defendant precluding Plaintiff from driving into Murrieta city to attend church meetings in Murrieta.

128.   Plaintiff was injured thereby;

129.   Defendant was acting under color of state law;

130.   Defendants actions were the proximate cause of Plaintiff's injury.

131.   Plaintiff seeks injunctive, declaratory and mandamus relief only to allow Plaintiff to return in his car to Murrieta.

## ELEVENTH CAUSE OF ACTION

### 42 U.S.C 1983 – Interstate Travel

### (Michael Jacob, City of Murrieta)

132.     Plaintiff incorporates all preceding allegations herein.

133.   Plaintiff had his right to interstate travel taken and/or burdened.

134.    "the right of locomotion, the right to remove from one place to another according to inclination, is an attribute of personal liberty, and <u>the right, ordinarily, of **free transit from or through the territory of any State** is a right secured by . . . the Constitution.</u>"  Williams v. Fears  179 U.S. 270 (1900).

135.   Plaintiff's right to interstate travel has been burdened, and there is no compelling state interest involved, and Defendants orders are not narrowly tailored.   Further, there is no rational basis for Defendants actions, threats or efforts to keep Plaintiff out of Murrieta.

136.   Plaintiff is unable to travel the I-15 and I-215 to travel freely to other parts of the state.  Which both pass through Murrieta, and Plaintiff needs to and want to use as he generally lives in Temecula.

137.   Plaintiff has been denied a liberty right – exclusion from Murrieta – without due process of law under the 4th and 14th Amendments of the U.S. Constitution.  Plaintiff has been denied the right to intrastate travel or has alternatively had the right to intrastate travel impermissibly burdened.

138.   Plaintiff in the past has travelled the streets of Murrieta to shop, to visit his dentist, optometrist, and for medical care among other things and desires to do so in the future.

139.   As a result of Defendants' actions and threats Plaintiff has been unable to enjoy his right to intrastate travel through and in Murrieta.

140.   Plaintiff has suffered mentally and emotionally be being denied this right; Plaintiff has suffered pain and health issues by not being able to visit his dentist; Plaintiff has been forced to go to other cities far distant for medical car and to pay for that himself due to insurance not paying for a procedure outside of Murrieta.  Plaintiff has suffered financially in extra travel costs.

141.   Plaintiff is in fear of losing his civil rights if he returns to Murrieta.

142.   Plaintiff has been denied the right to travel in the city of Murrieta for all practical purposes.

143.   Plaintiff is in imminent fear of being detained, cited and / or arrested if he returns to Murrieta.

144.   Defendant was acting under color of state law;

145.   Plaintiff has been injured thereby.

146.   Defendants acts were the proximate cause of Plaintiff's injury.

**TWELFTH CAUSE OF ACTION**

**42 USC 1983 – DUE PROCESS OF LAW**

**(Michael Jacob, City of Murrieta)**

147.   Plaintiff incorporates all preceding allegations herein.

148.   Under The 4th and 14th Amendment Plaintiff has the right of due process of law.

149.   Defendants deprived Plaintiff of constitutional rights, including the right to be in Murrieta without due process of law.

150.   Plaintiff was ordered out of Murrieta under the threat of detainment and citation;

151.   Plaintiff was ordered not to return to Murrieta unless he ceases to live out of his car.

152.   Each of these orders were illegal, unlawful, and imposed on Plaintiff without due process of law as required by the U.S. Constitution.

153.   Defendant was acting under color of state law;

154.   Plaintiff has been injured thereby.  Plaintiff faces the threat of detainment, citation, arrest and/or prosecution if he enters Murrieta; no other citizen in this county faces a similar threat.

155.   Defendants acts were the proximate cause of Plaintiff's injury.

**THIRTEENTH CAUSE OF ACTION**

**42 USC 1983 – 4TH AMENDMENT**

**(Michael Jacob, City of Murrieta)**

156.   Plaintiff incorporates all preceding allegations herein.

**COMPLAINT**

157.   While Plaintiff was not detained on January 27, 2017, he was threatened with detainment if he did not leave Murrieta, and by virtue of disobedience to Defendant's police order not to return to Murrieta unless Plaintiff ceases to live out of his car, Plaintiff faces a threat to his 4th Amendment rights to be free from unreasonable seizure.

158.   It is unreasonable to seize a homeless person because they refuse to leave a city;

159.   It is unreasonable to seize a homeless person because they return to a city driving a car that they live out of;

160.   Defendant was acting under color of state law;

161.   Plaintiff has been injured thereby.  Plaintiff faces the threat of detainment, citation, arrest and/or prosecution if he enters Murrieta; no other citizen in this county faces a similar threat.

162.   Defendants acts were the proximate cause of Plaintiff's injury.

**FOURTEENTH CAUSE OF ACTION**

**42 USC 1983 – 4, 14TH AMENDMENT**

**(Doe 3, City of Murrieta)**

163.   Plaintiff incorporates all preceding allegations herein.

164.   In or about November 2018 Plaintiff was legally walking in an area of Murrieta which is owned by the flood control/water district.  There were no laws prohibiting Plaintiff from walking in that area.

165.   Doe 3 drove up to Plaintiff and said he was authorized by the county/state agency owning the property he could arrest anyone he wants on that property.  Doe 3 was a city of Murrieta police officer.

166.   On information and belief, he is authorized only to tell homeless people to leave that area if they are living in that area, and then arrest them if they don't leave.   Plaintiff does not live in that area.   The trail Plaintiff was on is driven over by about 70 cars per day, and is used by bicycle, walk, ride motorcycles, ATVs and horseback ride.   Yet only Plaintiff was excluded from the use of that trail and area.   This was because minutes earlier Doe 3

had talked to Plaintiff when he was parked in his car in Temecula and believed Plaintiff to be homeless.

167.   Plaintiff is in fear of arrest, detainment, citation and/or jail if he returns to the area to hike.

168.   Plaintiff had a liberty interest and equal protection interest to utilize that trail and are of Murrieta.

169.   Plaintiff was deprived of these rights by Doe 3.  Similarly situated people are allowed to use that trail and area.

170.   Plaintiff complained about 5 times to the police chief and various commanding officers who did nothing to alleviate the matter, and they have ratified that conduct and/or it is policy of the city.

171.   Defendants were acting under color of state law;

172.   Plaintiff has been injured thereby.  Plaintiff faces the threat of detainment, citation, arrest and/or prosecution if he enters that area of Murrieta; no other citizen in this county faces a similar threat.

173.   Defendants acts were the proximate cause of Plaintiff's injury.


### FIFTEENTH CAUSE OF ACTION

### 42 U.S.C 1983 – Civil Rights Violations - Incident 3

### (Does 4-5, City of Murrieta)

174.   Plaintiff incorporates all allegations of the complaint herein.

175.   On or about December 16, 2017 at about 9:30 am Plaintiff was legally sitting in his car on Borel Rd. near Winchester Rd. overlooking the south end of the runway when 2 Murrieta police officers - **Does 4-5 -** pulled up behind Plaintiff, told Plaintiff he was not free to leave, and demanded Plaintiff's driver's license.

176.   Plaintiff did not feel free to leave and gave them his driver's license, and after a few minutes of doing a background check Plaintiff was permitted to leave.

177.   Plaintiff was seized.

178.  **Does 4-5** acted intentionally to seize Plaintiff.

179.  The seizure was unreasonable.

180.  Defendants were acting under color of state law.

181.  Plaintiff had his civil rights violated under the 4th and 14th Amendments.

182.  Plaintiff was injured thereby having lost his rights and having to live in fear of unlawful detainments.

183.  Defendants acts were the proximate cause of Plaintiff's injury.

**SIXTEENTH CAUSE OF ACTION**

**42 U.S.C 1983 – Civil Rights Violations - Incident 4**

**(Does 7-8, City of Murrieta)**

184.  Plaintiff incorporates all allegations of the complaint herein.

185.  On or about January 9, 2018 at about 12:30 pm Plaintiff was legally sitting in his car on Borel Rd. near Winchester Rd. when 2 Murrieta police officers - **Does 7-8 -** pulled up behind Plaintiff, told Plaintiff he was not free to leave, and demanded Plaintiff's driver's license.

186.  Plaintiff did not feel free to leave and gave them his driver's license, and after a few minutes of doing a background check Plaintiff was permitted to leave.

187.  Plaintiff was seized.

188.  Does 7-8 acted intentionally to seize Plaintiff.

189.  The seizure was unreasonable.

190.  Defendants were acting under color of state law.

191.  Plaintiff had his civil rights violated under the 4th and 14th Amendments.

192.  Plaintiff was injured thereby having lost his rights and having to live in fear of unlawful detainments.

193.  Defendants acts were the proximate cause of Plaintiff's injury.

**COMPLAINT**

## SEVENTEENTH CAUSE OF ACTION

### 42 U.S.C 1983 – Civil Rights Violations - Incident 5

### (Does 9, 10, City of Murrieta)

194.   Plaintiff incorporates all allegations of the complaint herein.

195.   On or about July 1, 2018 at about 11:30 am Plaintiff was legally sitting in his car on Borel Rd. near Winchester Rd. when 2 Murrieta police officers - **Does 9, 10 -** pulled up behind Plaintiff, told Plaintiff he was not free to leave, and demanded Plaintiff's driver's license.

196.   Plaintiff did not feel free to leave and gave them his driver's license, and after a few minutes of doing a background check Plaintiff was permitted to leave.

197.   Plaintiff was seized.

198.   Does 9, 10 acted intentionally to seize Plaintiff.

199.   The seizure was unreasonable.

200.   Defendants were acting under color of state law.

201.   Plaintiff had his civil rights violated under the 4th and 14th Amendments.

202.   Plaintiff was injured thereby having lost his rights and having to live in fear of unlawful detainments.

203.   Defendants acts were the proximate cause of Plaintiff's injury.

## EIGHTEENTH CAUSE OF ACTION

### Federal, California State Constitution Violations - Bane Act

### (Does 9, 10, City of Murrieta)

204.   Plaintiff incorporates all allegations of the complaint herein.

205.   On or about July 1, 2018 at about 11:30 am Plaintiff was legally sitting in his car on Borel Rd. near Winchester Rd. when 2 Murrieta police officers - **Does 9, 10 -** pulled up behind Plaintiff, told Plaintiff he was not free to leave, and demanded Plaintiff's driver's license.

206.  By the use of fear and force, Plaintiff lost rights owing him to be free from unreasonable seizure under the state and federal constitution.  Plaintiff had otherwise the right to leave and go about his business which was taken from him.

207.  Plaintiff was and is injured by Defendant's actions losing state and federal rights and suffering mentally and emotionally.

208.  The city of Murrieta is responsible for the Doe Defendants actions under, among other things, respondeat superior.

209.  Defendants were acting under color of state law.

210.   Defendants' actions were the proximate cause of Plaintiff's injury.

**NINTEENTH CAUSE OF ACTION**

**Declaratory Relief, Injunctive Relief**

**(Judicial Defendants, Does 11-40)**

211.  Plaintiff incorporates all allegations of the complaint herein.

212.  That **Judicial Defendants, Does** 11-40 enjoined from taking further actions to further the conspiracy to obstruct justice for Plaintiff or taking further actions to adjudicate in any manner Plaintiff's court cases.

213.  That **Judicial Defendants, Does** 11-40 cease all work on Plaintiff's cases now and in the future.

214.  For Declaratory Relief that **Judicial Defendants, Does** 11-40 have violated Plaintiff's right of access to the courts and due process of law rights and have obstructed justice.

215.   Defendants' actions were the proximate cause of Plaintiff's injury.

**TWENTIETH CAUSE OF ACTION**

**42 U.S.C 1983 – Civil Rights Violations - Incident 6**

**(Does 11, 12, City of Murrieta)**

216.  Plaintiff incorporates all allegations of the complaint herein.

217.   On or about May 8, 2018 at about 9:30 pm Plaintiff was legally driving down Sky Canyon Rd. right before Borel Rd. near Winchester Rd.   Does 11, 12 are police of the City of Murrieta.

218.   2 Murrieta police officers were parked to the side of the road apparently conversing in their cars and after Plaintiff drove by **Doe 11** pulled up behind Plaintiff and activated his police lights and Plaintiff pulled off to the side of the road.  Doe 11 walked up to Plaintiff and told Plaintiff he was being detained, and said Plaintiff's car looked oddly suspicious, or suspiciously odd.

219.   Plaintiff was not breaking any laws and was not suspected of breaking any laws at the time he was pulled over.

220.   Doe 12 then pulled up and assisted with the detainment and said they wanted to make sure Plaintiff was not on America's most wanted list or something to that effect.

221.   Plaintiff was required to give his driver's license to the officers and after a background check was done Plaintiff was free to leave.

222.   Plaintiff was seized.

223.   Does 1 - 2 acted intentionally to seize Plaintiff.

224.   The seizure was unreasonable.

225.   Defendants were acting under color of state law.

226.   Plaintiff had his civil rights violated under the 4th and 14th Amendments.  Plaintiff was unlawfully and/or unreasonably seized.

227.   Plaintiff was injured thereby having lost his rights and having to live in fear of unlawful detainments.

228.   Defendants acts were the proximate cause of Plaintiff's injury.

### TWENTYSFIRST CAUSE OF ACTION

### 42 U.S.C 1983 - DELIBERATE INDIFFERENCE

### (City of Murrieta, Rick Gibbs)

229.   Plaintiff incorporates all allegations of the Complaint herein.

**COMPLAINT**

Case 5:19-cv-00183-DSF-kk   Document 21   Filed 05/27/19   Page 30 of 33   Page ID #:127

230.   The city of Murrieta through its police chief and mayor acted with deliberate indifference towards Plaintiff's plight.

231.   The mayor and police chief were fully informed by Plaintiff of Jacob's misconduct, or alleged misconduct, and each were on notice that they needed to investigate it, or, as Plaintiff asked, simply get him to agree not to detain, cite, arrest etc. Plaintiff for driving into Murrieta in his car which he allegedly lived out of.   In fact, it would have taken about 1 minute for either the mayor or police chief to simply ask Jacobs to agree to such.

232.   The mayor and police chief had a duty to act to remedy the matter involving Jacobs.

233.   Each were fully informed of Plaintiff's needs and right to travel in his car into Murrieta.

234.   Each were fully informed that Plaintiff would suffer constitutional injury, and likely personal injury, if they did not take steps to remedy the matter with Jacobs.

235.   Defendants were acting under color of state law.

236.   Plaintiff had his civil rights violated under the 4th and 14th Amendments and continues to have his 4th and 14th Amendments violated.

237.   Plaintiff was injured thereby having lost his rights and having to live in fear of unlawful detainments and travel freely in his car like other citizens.

238.   Defendants acts were the proximate cause of Plaintiff's injury.

**Relief Sought**

ON CAUSES OF ACTION 1, 6, 8:

1.   That Jacob be enjoined from detaining, citing, arresting Plaintiff for the sole act of driving into Murrieta in a car which he lives out of, or appears to live out of;

2.   For Declaratory judgment that Jacob has no authority in detaining, citing, arresting Plaintiff for the sole act of driving into Murrieta in a car which he lives out of, or appears to live out of;

2.   For Costs;

ON CAUSES OF ACTION 9:

**COMPLAINT**

1.  That it be declared that Jacob has no right in citing, arresting Plaintiff for the sole

act of driving into Murrieta in a car which he lives out of, or appears to live out

of;

    2.   For Costs;

ON CAUSES OF ACTION 2,3,4,5,10,11,12:

    1.  For damages of $750,000 (Jointly and Severable against Michael Jacob,

City of Murrieta).

    2. For Costs;

    3. For other such relief the Court deems proper.

ON CAUSES OF ACTION 13:

    1.  For damages of $250,000 (Jointly and Severable against Michael Jacob,

City of Murrieta).

    2.   For Costs;

    3. For other such relief the Court deems proper.

ON CAUSES OF ACTION 7:

    1.  For damages of $25,000 (Jointly and Severable against Defendants listed

therein).

    2.   For Costs;

ON CAUSES OF ACTION 14:

1.  For damages of $25,000 (Jointly and Severable against

Defendants listed therein).

    2.   For Costs;

    3. For other such relief the Court deems proper.

ON CAUSES OF ACTION 15:

    1.  For damages of $25,000 (Jointly and Severable against Defendants listed

therein).

    2.   For Costs;

ON CAUSES OF ACTION 16:

**COMPLAINT**

1          1.   For damages of $25,000 (Jointly and Severable against Defendants listed

2   therein).

3          2.   For Costs;

4      ON CAUSES OF ACTION 17, 18:

5          1.   For damages of $25,000 (Jointly and Severable against Defendants listed

6   therein).

7          2.   For Costs;

8      ON CAUSES OF ACTION 19:

9        1.    For the relief therein sought.

10       2.   For Costs;

11     ON CAUSES OF ACTION 20:

12       1.   For damages of $25,000 (Jointly and Severable

13     against Defendants listed therein).

14       2.   For Costs;

15     ON CAUSES OF ACTION 21:

16       1.   For damages of $25,000 (Jointly and Severable

17     against Defendants listed therein).

18       2.   For Costs;

19

20     Dated:  May 25, 2019

21

22     _____

23     Aaron Raiser

24

25

26

27

28

**COMPLAINT**

**Proof/Certificate of Service**

I hereby certify that on May 27, 2019  a copy of:

FIRST AMENDED COMPLAINT

was served on the following parties, via ECF, to

Allen Christiansen

1631 E. 18th Street

Santa Ana, California 92705

Date:       May 27, 2019

s/ Aaron Raiser