# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br>　　Plaintiff,<br><br>　　　　v.<br><br>CITY OF MURRIETA, et al.,<br>　　Defendants. | EDCV 19-0183 DSF (KK)<br><br>ORDER THAT PLAINTIFF AARON RAISER SHOW CAUSE WHY HE SHOULD NOT BE REQUIRED TO SEEK COURT PERMISSION BEFORE NAMING AS A DEFENDANT ANY JUDGE OR COURT STAFF OF ANY COURT AND BEFORE MOVING TO RECUSE ANY JUDGE PRESIDING OVER A CASE TO WHICH PLAINTIFF IS A PARTY OR TO WHOM A MOTION TO RECUSE SUCH A JUDGE HAS BEEN ASSIGNED |

　　The Court has described some of the history of Plaintiff Aaron Raiser's litigation in this and other courts in its September 9, 2019 Order Declining to Disqualify as Presiding Judge (9/9/19 Order). See Dkt. 67. As is apparent from the Attachment to that Order (9/9/19 Attachment) and the docket of the Central District, Mr. Raiser has made a habit of naming and moving to recuse[1] judges

---

[1] "Recusal" is often used to mean withdrawal on the judge's own initiative as contrasted with "disqualification," which is used to refer to a request by a

of this district (including a judge from another district appointed by the Chief Judge of the Ninth Circuit to preside over a matter in this district). Id.[2]

Due in part to this practice, on January 3, 2018, the Honorable R. Gary Klausner issued his Order re: Fifth Motion for Recusal, noting that "Plaintiff's repeated filings of motions for recusal, each time adding the judge who last handled his request, demonstrate patently frivolous and vexatious conduct." See Aaron Raiser v. City of Murrieta, EDCV 17-1824 RGK (RAO) (Murrieta I), Dkt. 51. Judge Klausner noted that under the All Writs Act, 28 U.S.C. 1651(a), "district courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." Murrieta I, Dkt. 51, citing Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999) and DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990)( "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."). As Judge Klausner also noted, such orders should be issued only where the court has provided the litigant with notice of the proposed order, (2) the court has established an adequate record of review, (3) the court has made a substantive finding of frivolousness, and (4) the proposed order is narrowly tailored. DeLong, 912 F.2d at 1147-49.

---

party. Because Mr. Raiser generally use the term "recuse," the Court will do the same to avoid confusion.

[2] Since the issuance of the 9/9/19 Order, Mr. Raiser has sought, and been denied, reconsideration of his motion to recuse filed in Aaron Raiser v. City of Temecula. See Aaron Raiser v. City of Temecula, EDCV 19-1465 DSF (KKx) (Dkt. 19).

Because of Mr. Raiser's vexatious conduct, Judge Klausner gave notice to Mr. Raiser and ordered him to show cause in writing why the Court should not immediately enter a pre-filing order restricting any further motions to recuse to be filed without prior approval of the Court. Murrieta I, Dkt. 51.

Mr. Raiser simply responded with his oft-repeated theme that "corruption in this court, bias, lack of ethics etc. doom[] Plaintiff's cases," that none of the judges of the court actually rule on the matters before them, that staff with a vendetta against him engage in a conspiracy to "bypass judges, enter illegitimate orders denying recusal," and that his "120+ page declaration show[s] the most massive undertaking of corruption ever to exist in the federal courts." See Murrieta I, Dkt. 52. The next day, Mr. Raiser withdrew his response and asked to increase the page limit for a new response to be submitted in the future. Murrieta I, Dkt. 54. The request was denied. Murrieta I, Dkt. 55. Mr. Raiser filed a new response exceeding 110 pages (including attachments) on January 10, 2018, complaining about the Court's process for handling recusal motions and drawing improper conclusions about how assignments concerning his motions to recuse were made and orders prepared.[3] Murrieta I, Dkt. 57.

After reviewing Mr. Raiser's response, Judge Klausner found that "a prefiling order is warranted to address Plaintiff's vexatious filing of motions to recuse," and ordered that prior to filing any further such motions in the case, Mr. Raiser was required to obtain permission from the Court. Murrieta I, Dkt. 58.[4]

---

[3] The Court notes that – though it is not required by the recusal statute, 28 U.S.C. § 455 – the Central District's General Order 19-03 provides that a motion for recusal be referred to another judge of this Court.

[4] Mr. Raiser eventually dismissed Murrieta I without prejudice before Judge Klausner had an opportunity to rule on the Report and Recommendation of

Judge Klausner's Order pertained only to that now-dismissed case, but Mr. Raiser has not been deterred from continuing to attempt to recuse judges of this Court. As he has done before, see 9/9/19 Attachment, Mr. Raiser continues to name individual judges as defendants, expecting that those judges will then recuse themselves from hearing those cases.

After his voluntary dismissal of his action against the City of Murrieta in Murrieta I, Mr. Raiser filed this action against the City of Murrieta. Mr. Raiser admits that this action was "originally filed" in Murrieta I. Dkt. 55 at 4. In addition to the City of Murrieta, however, Mr. Raiser now named Judge Klausner as a defendant. He also named the magistrate judge assigned to Murrieta I, the Honorable Rozella Oliver. This case was initially assigned to the Honorable Manual Real. Although Mr. Raiser filed a Notice of Related Case(s) indicating (incorrectly) that there were no related cases, Dkt. 5, an Order re Transfer Pursuant to General Order 16-05 (Related Case) was prepared. Because Judge Klausner was named as a defendant, he declined to accept the transfer. Dkt. 6. When Judge Real dismissed the action against Judge Klausner and Magistrate Judge Oliver for lack of prosecution, Mr. Raiser amended his complaint and again named Judge Klausner as well as Judge Real and all other judges who had previously ruled on his various motions to recuse in earlier cases. Dkt. 21. This case was then assigned to this Court.

The claims against the judges asserted that the staff of the judges have conspired with the staff of the Central District and the staff of the Ninth Circuit "in what is alleged to be the greatest undertaking of corruption ever to exist in the federal court since 1789." Dkt. 21 at 2. The alleged conspiracy has as its asserted

---

the assigned magistrate judge recommending dismissal of Mr. Raiser's claims.

purpose "to always defeat Plaintiff's cases which he brings and no matter who the defendant is . . . . They'll make it look good, but anyone scrutinizing their rulings quickly see [sic] the injustice and what is taking place." Dkt. 21 at 5. The "judicial defendants" appear to be defendants only as to the nineteenth cause of action by which Mr. Raiser seeks to enjoin them from "taking further actions to further the conspiracy to obstruct justice for Plaintiff or taking further actions to adjudicate in any manner Plaintiff's court cases," and ordering that they "cease all work on Plaintiff's cases now and in the future." Dkt. 21 at 28.

Mr. Raiser had asserted similar claims against Central District judges and court staff at least as early as 2012 in Aaron Raiser v. Yvette Lois, EDCV 12-0045 SMM. There, in a thorough and well-reasoned order, the presiding judge[5] explained why the action must be dismissed with prejudice against the judges and court staff. Because the judicial defendants in this case were similarly entitled to immunity, on July 8, 2019 this Court dismissed the claims against them *sua sponte*. Dkt. 48.

On August 7, 2019, Mr. Raiser filed a complaint in Aaron Raiser v. City of Temecula, EDCV 19-1465 DSF (KKx) (Temecula Action).[6] Despite having been advise at least twice that such claims were frivolous, in that action, Mr. Raiser also names "All

---

[5] Then Ninth Circuit Chief Judge Alex Kozinski appointed the Honorable Stephen M. McNamee of the District of Arizona to preside over the action due to Mr. Raiser's serial recusal of Central District judges. Aaron Raiser v. Yvette Lois, EDCV 12-0045 SMM at Dkt. 43.

[6] The assigned magistrate judge again granted Mr. Raiser's request to proceed *in forma pauperis*. If Mr. Raiser had filed his legally and factually patently frivolous claims against judges and court staff separately, he would not have been allowed to proceed *in forma pauperis*.

Judges in the Western and Eastern Divisions of this Court."[7] Temecula Action, Temecula Action, Dkt. 1 at 1. Mr. Raiser alleges that, "[a]s to the court defendants, there is an underworld court system in this court where people get jobs working in the court, are given judge's electronic signatures, and they are now the judges in Plaintiff's cases. . . . [C]ourt staff deceive the judges concerning Plaintiff's cases and unjust outcomes result. [In addition, c]ourt staff have also conspired with Susan Gelmis and staff at the Ninth Circuit such that Plaintiff has NO right to appeal anything from this court." Temecula Action, Dkt. 1 at 28. Mr. Raiser claims the judges abdicate their duties to court staff, unconstitutionally decide cases based on what staff draft, and "allow staff who work on Plaintiff's cases access to PACER which simply biases the staff beyond repair." Temecula Action, Dkt. 1 at 29. In short, Mr. Raiser again complains about the alleged manner in which the judges of this district perform their constitutional functions.

On August 28, 2019, Mr. Raiser moved to recuse all judges of the Western and Eastern divisions. Temecula Action at Dkt. 8. The motion was randomly assigned to a judge sitting in the Southern Division, who denied the motion. As previously stated, Mr. Raiser's motion for reconsideration was also denied.

Mr. Raiser remains undaunted by the denials of his motions to recuse and the dismissal of his frivolous claims against judges and staff of the Central District.[8] These filings are frivolous and

---

[7] The assigned magistrate judge sits in the Eastern Division of the Central District.

[8] No motion to recuse a judge has ever been granted, although judges have recused themselves when Mr. Raiser has sued them. One judge described Mr. Raiser's serial recusal motions as "utterly meritless." Murrieta I, Dkt. 47. It does not appear that Mr. Raiser has ever prevailed in any action against a judge or court staff.

intended to delay the litigation and vex and annoy judges and staff. Because of Mr. Raiser's vexatious conduct, the Court orders him to show cause in writing why the Court should not immediately enter a prefiling order prohibiting him from filing any further motions to recuse and prohibiting him from filing any suits against any judge or member of the staff of the Central District – alone – or with any other defendant(s) without prior approval of this Court. Mr. Raiser must file his response, if any, which is limited to ten pages, no later than October 31, 2019.

IT IS SO ORDERED.

Date: October 22, 2019

Dale S. Fischer
United States District Judge