UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MURRIETA, ET AL.,<br><br>Defendant(s). | Case No. EDCV 19-183-DSF (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Plaintiff Aaron Raiser ("Raiser"), proceeding pro se and in forma pauperis, filed a Third Amended Complaint ("TAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of his Fourth and Fourteenth Amendment rights, Title II of the Americans with Disabilities Act ("ADA"), and state law claims pursuant to the Unruh Civil Rights Act, Cal. Civ. Code § 51, and the Tom Bane Civil Rights Act, Cal Civ. Code § 52.1. ECF Docket No. ("Dkt.") at 119. For the reasons discussed below, the Court dismisses the TAC with leave to amend.

///

///

///

## II.

## **PROCEDURAL HISTORY**

On January 28, 2019,[1] Raiser initiated the instant action by filing a Complaint alleging violations of his First, Fourth, and Fourteenth Amendment rights against defendants City of Murrieta, City of Murrieta Police Officer Michael Jacob ("Jacob"), United States District Judge R. Gary Klausner, United States Magistrate Judge Rozella Oliver, and Does 1-40. Dkt. 1.

On May 6, 2019, defendants City of Murrieta and Jacob filed a motion to dismiss the Complaint. Dkt. 16.

On May 27, 2019, before the Court ruled on the motion to dismiss, Raiser filed a First Amended Complaint ("FAC") setting forth twenty-one claims against defendants City of Murrieta, Jacob, former City of Murrieta mayor Rick Gibbs ("Gibbs"), nine federal judges, and Does 1-50. Dkt. 21, FAC.

On June 10, 2019, defendants City of Murrieta and Jacob filed a motion to dismiss the FAC. Dkt. 27.

On July 8, 2019, the Court sua sponte dismissed with prejudice the sole claim in the FAC against the federal judges and Does 13-40, i.e. Claim Nineteen. Dkt. 48.

On July 13, 2020, the Court granted the motion to dismiss and dismissed some claims with prejudice while granting Raiser leave to amend all other claims in the FAC. Dkt. 98.

On September 8, 2020, Raiser filed a Second Amended Complaint ("SAC"). Dkt. 110.

---

[1] Raiser argues his FedEx receipt shows the Complaint was delivered to the Court on January 28, 2019 even though the Court did not stamp the Complaint received until January 29, 2019. Dkt. 30 at 27. While Raiser is not entitled to the benefit of the "mailbox rule," the Court will consider January 28, 2019 as the date of filing for purposes of this Order.

2

On September 30, 2020, before any response to the SAC was filed, Raiser filed the operative TAC setting forth fifteen causes of action[2] alleging violations of his Fourth and Fourteenth Amendment rights, Title II of the ADA, and state law claims pursuant to the Unruh Civil Rights Act and the Tom Bane Civil Rights Act. Dkt. 115. In the TAC, Raiser sues defendants City of Murrieta, Jacob, City of Murrieta Police Officer Tino Abbate ("Abbate"), and Does 3, 4, 7, 8, 11, 12, and 20-40[3] ("Defendants"). Dkt. 115.

## III.
## **ALLEGATIONS IN THE TAC**

The Court herein summarizes Raiser's allegations in the TAC as follows:

On January 27, 2017, at approximately 1 p.m., Raiser, who lives out of his car, was sitting in his car parked on the street in front of a public park in the City of Murrieta. Id. at 2–3. Defendant Jacob "approached [Raiser's car] and asked [Raiser] about whether he were homeless and/or expressed his belief that [Raiser] was homeless." Id. Defendant Jacob told Raiser it was illegal to live out of one's vehicle in the City of Murrieta and that he had to leave the city. Id. at 2. Defendant Jacob also told Raiser that Raiser could leave but "indicated if [Raiser] stayed[,] he would detain [Raiser] and issue [Raiser] a citation." Id. Raiser alleges "[b]y Defendant's language, threatening appearance and demeanor, including having a gun and handcuffs, a police badge, police car and police uniform, and with [Raiser] being aware personally and on the news that police can act violently, hurt, and kill people who do not obey police orders, [Raiser] felt threatened with detainment, citation,

---

[2] Raiser maintains the numbering of the causes of action from his original complaint even though several causes of action have been dismissed with prejudice. For purposes of this Order, the Court will use Raiser's numbering as set forth in the TAC when referring to the causes of action.

[3] Does 20-40 are not specifically listed as defendants in any Claim, nor does Raiser state any factual allegations against them. See Iqbal, 556 U.S. at 676 (holding plaintiff must present facts showing how a particular defendant was directly and personally involved in inflicting the alleged injury). Accordingly, Raiser's claims against Does 20-40 are subject to dismissal.

3

1  arrest, jail and prosecution if [Raiser] . . . drove into Murrieta in a car he were living
2  out of." Id. at 3.  In addition, Raiser notes he is "a disabled person for purposes of
3  the ADA," id. at 24, and his "bad knee and back" as well as "personal safety issue[s]
4  and personal reasons make walking into Murrieta prohibitive," id. at 3.  Further, his
5  physical conditions prevented him from using public transportation. Id. at 25.

6        In April 2017, Raiser was sitting in his car in Temecula, California
7  ("Temecula") when two City of Murrieta police officers "detained [Raiser] simply
8  because they felt like ID'ing him." Id. at 14.  Raiser attempted to obtain information
9  from City of Murrieta regarding the detainment in April 2017, but the city refused to
10 provide any information. Id. at 15.

11       In November 2017, Raiser was walking in "an area of Murrieta which is owned
12 by the state or county" when Doe 3 "drove up" to Raiser and stated he was
13 authorized to "arrest anyone he wants on that property." Id. at 17–18.  Minutes
14 earlier, Doe 3 had spoken with Raiser when Raiser was parked in his car in Temecula,
15 and Doe 3, therefore, believed Raiser to be homeless. Id. at 18.  Raiser alleges he was
16 "seized" because "he was forced to leave an area where he otherwise had the right to
17 be." Id.

18       On December 1, 2017, Raiser sent a letter to the City of Murrieta police chief,
19 mayor, and each city council member regarding defendant Jacob's conduct on January
20 27, 2017. Id. at 4.  The City of Murrieta police chief, mayor, and each city council
21 member each "refused to take any action to resolve the matter or to allow [Raiser] to
22 return to Murrieta in his car." Id.  Raiser has, therefore, been precluded from seeing
23 his dentist for four years, obtaining a "brain MRI", or patronizing businesses in the
24 City of Murrieta. Id.

25       On December 16, 2017, Raiser was sitting in his car on Borel Road near
26 Winchester Road when Doe 4, who is a City of Murrieta police officer, "pulled up
27 behind" Raiser and told him to turn off his car engine. Id. at 19.  Doe 4 asked Raiser
28 whether he was on probation or parole and when he was last arrested and requested

Raiser's driver's license.  Id.  Raiser objected and Doe 4 returned to his vehicle and ran a background check on Raiser and his license plate.[4]  Id.

On January 9, 2018, Raiser was sitting in his car on Borel Road near Winchester Road when Does 7 and 8, who are City of Murrieta police officers "pulled up behind [Raiser], said they were checking [Raiser] out, and asked [Raiser] if he were on probation or parole[.]"  Id. at 20.  Raiser asked the officer to leave him alone and the officers told Raiser he was not free to leave and that he was being detained.  Id.  Does 7 and 8 then ran a background check on Raiser and let him go.  Id.

On July 1, 2018, Raiser was sitting in his car on Borel Road near Winchester Road when defendant Abbate, who is City of Murrieta police officer, "pulled up behind" Raiser and told him to turn off his car engine.  Id. at 20.  When Raiser asked if he had broken any laws, defendant Abbate responded that "he didn't know yet."  Id. at 21.  Defendant Abbate required Raiser to give him his driver's license, asked Raiser if he were on probation or parole, and then let Raiser go.  Id.

On May 8, 2018, Raiser was driving on Sky Canyon Road when Doe 11, who is a City of Murrieta police officer, pulled up behind Raiser and activated his police lights, causing Raiser to pull off to the side of the road.  Id. at 22.  Doe 11 told Raiser he was being detained and that his car "looked oddly suspicious, or suspiciously odd."  Id.  Doe 12, who is also a City of Murrieta police officer, pulled up to assist Doe 11.  Id.  Raiser was required to give the officers his driver's license and, after a background check was completed, Raiser was free to leave.  Id. at 23.

Finally, Raiser alleges he has been "unlawfully detained" by City of Murrieta police officers eight times from 2015 to 2018 and has spoken with approximately twelve homeless people who each were "unlawfully stopped, detained, and ID'd by Murrieta police on at least three occasions."  Id. at 5.  Accordingly, Raiser alleges the

---

[4] There are no allegations in the TAC regarding what occurred after the background check.

5

City of Murrieta "has a custom, policy and/or practice of unlawfully detaining homeless people to ID them without basis." Id. at 6.

Based on these allegations, Raiser sets forth the following claims in the TAC:

- Claims One (Unruh Civil Rights Act, Cal. Civ. Code § 51), Four (Section 1983 Fourteenth Amendment Equal Protection), Six (Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1), Thirteen (Section 1983 Fourth Amendment), and Twenty-Two (ADA) against defendants Jacob and City of Murrieta as well as Claim Twenty-One (Section 1983 deliberate indifference) against City of Murrieta arise out of January 27, 2017 incident with defendant Jacob.
- Claims Seventeen (Section 1983 Fourth and Fourteenth Amendment) against defendants Abbate and City of Murrieta arise out of the July 1, 2018 incident with defendant Abbate.
- Claims Fourteen, Fifteen, Sixteen, and Twenty against Does 3, 4, 7, 8, 11, and 12, and defendant City of Murrieta are Section 1983 claims for violation of Raiser's Fourth and Fourteenth Amendment rights.
- Finally, Claims Twenty-Three and Twenty-Four are Section 1983 claims against the City of Murrieta[5] alleging liability based on Monell v. Dep't. of Soc. Servs., 436 U.S. 658 (1978) ("Monell") for maintaining a policy to "unlawfully detain citizens who are not suspected of violating any laws, including homeless people, and to exclude homeless people from their city" and failing to train or supervise its officers resulting in unlawfully detaining citizens.

Raiser seeks monetary damages on all Claims except Claims One and Six, where he seeks instead that defendant Jacob "be enjoined from detaining, citing, arresting [Raiser] for the sole act of driving into Murrieta in a car which he lives out

---

[5] The Court notes the heading of Claim Twenty-Four states it is against "County of Riverside and City of Temecula", but the body of the claim refers to City of Murrieta "Leadership." Dkt. 115 at 28. The Court, therefore, construes Claim Twenty-Four as a claim against defendant City of Murrieta.

6

1  of, or appears to live out of." Id. at 29–31. In addition, as to Claim Twenty-Two,
2  Raiser seeks declaratory relief and injunctive relief enjoining defendants Jacob and
3  City of Murrieta from prohibiting Raiser "from legally driving into [the City of
4  Murrieta] in his car which he lives out of." Id. at 31.

## IV.
## STANDARD OF REVIEW

Where, as here, a plaintiff is proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892–93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v.

1 Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889–90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130–31; see Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. See Cato, 70 F.3d at 1107–11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///
///
///
///
///
///

V.

**DISCUSSION**

**A. THE TAC FAILS TO STATE A FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM AGAINST DEFENDANTS JACOB, DOE 3, AND CITY OF MURRIETA**

In Claim Four, Raiser alleges he was denied equal protection of the laws under the Fourteenth Amendment because defendants Jacob and City of Murrieta intentionally treated him differently than other similarly situated in the City of Murrieta "who can drive, park and sit in their cars on city streets without issue and ONLY [Raiser] is ordered out due to [defendant] Jacob's claimed appearance of [Raiser's] car or being someone without a home." Dkt. 115 at 10.

In Claim Fourteen, Raiser alleges he was denied equal protection of the laws under the Fourteenth Amendment because Doe 3 threatened him with "detainment, citation, arrest and/or prosecution if he enters that area of Murrieta" because "minutes earlier Doe 3 had talked to [Raiser] when he was parked in his car in Temecula and believed [Raiser] to be homeless." Id. at 18–19.

**1. Applicable Law**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). In order to state a Section 1983 equal protection claim, a plaintiff must allege he was treated differently from others who were similarly situated without a rational basis. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam) (setting forth the standard for a "class of one" equal protection claim).

///

///

### 2. Analysis

To the extent Raiser is alleging the conduct of defendants Jacob or Doe 3 was based on Raiser's status as a homeless person, homeless individuals are not a protected class. See Nails v. Haid, No. SACV 12-0439-GW (SS), 2013 WL 5230689, at *3 (C.D. Cal. Sept. 17, 2013); Garber v. Flores, No. CV 08-4208DDP (RNB), 2009 WL 1649727, at *10 (C.D. Cal. June 10, 2009) (denying equal protection claim based on plaintiff's status as a homeless person because "[h]omeless persons are not a suspect class").

In addition, to the extent Raiser alleges he was treated differently from other similarly situated individuals, his "class-of-one" equal protection claim fails as well. Raiser fails to identify any specific similarly situated persons. Raiser is admittedly not similarly situated to all persons "who can drive, park and sit in their cars on city streets without issue" because of the "appearance of [Raiser's] car or being someone without a home." See dkt. 115 at 10. Throughout the TAC, Raiser repeatedly alleges he was treated differently based on defendant Jacob's perception that Raiser is a homeless person living out of his car. See, e.g., dkt. 115 at 10 (alleging defendant Jacob's conduct "was driven by [Raiser] being homeless"); id. at 18 (alleging Doe 3's conduct "was driven by [Raiser] being homeless"). Raiser's claim, therefore, is not premised on "unique treatment" but on a "classification" (i.e. being homeless) which is not a protected class. See Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008) (declining to analyze "class of one" argument because plaintiff repeatedly alleged defendants treated it differently "based on its perceived association with conservationists and because it was a newcomer to Idaho grazing markets" and finding plaintiff's claims were, therefore, not premised on "unique treatment" but on "a classification").

Finally, because Raiser's equal protection claims against defendants Jacob and Doe 3 are subject to dismissal, his equal protection claims against the City of Murrieta likewise fail.

Accordingly, Raiser's Fourteenth Amendment Equal Protection claims set forth in Claims Four and Fourteen are subject to dismissal for failure to state a claim.

## B. THE TAC FAILS TO STATE A FOURTEENTH AMENDMENT CLAIM AGAINST DOES 4, 7, 8, 11, AND 12 OR DEFENDANT ABBATE

### 1. Applicable Law

Section 1983 prohibits persons acting under color of law from depriving individuals of their constitutional rights. 42 U.S.C. § 1983. To state a claim against a defendant for violation of civil rights under Section 1983, a plaintiff must allege the defendant deprived him or her of a right guaranteed under the Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48 (1988); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1998). A plaintiff must present facts showing how a particular defendant was directly and personally involved in inflicting the alleged injury. See Iqbal, 556 U.S. at 676. Moreover, although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook, 637 F.3d at 1004 (quoting Iqbal, 556 U.S. at 678).

### 2. Analysis

Here, the allegations in the TAC are unclear as to how Does 4, 7, 8, 11, or 12, or defendant Abbate violated Raiser's Fourteenth Amendment due process or equal protection rights. Raiser merely concludes at the end of Claims Fifteen, Sixteen, Seventeen, and Twenty, that he "had his civil rights violated under the 4th and 14th Amendments." Dkt. 115 at 19–21, 23. The TAC, therefore, does not contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" against a Fourteenth Amendment claim. Starr, 652 F.3d at 1216.

///

///

## C. THE TAC FAILS TO STATE A CLAIM FOR VIOLATION OF THE ADA AGAINST DEFENDANTS JACOB AND CITY OF MURRIETA

### 1. Applicable Law

Title II of the ADA prohibits discrimination on the basis of disability in the programs, services or activities of a public entity. 42 U.S.C. § 12101 et seq.; see also 29 U.S.C. § 794. However, Title II of the ADA only affords causes of action against public entities and does not encompass public officials sued in their individual capacities. 42 U.S.C. § 12132; Roberts v. California Dep't of Corr. & Rehab., No. EDCV 16-1929 CJC (JC), 2017 WL 3635175, at *9 (C.D. Cal. Aug. 22, 2017). The proper defendant for an ADA claim is the public entity responsible for the alleged discrimination. Conklin v. Espinda, No. CV 19-00087 JMS (RT), 2019 WL 7116351, at *14 (D. Haw. Dec. 23, 2019) (citing Everson v. Leis, 556 F.3d 484, 501, n.7 (6th Cir. 2009) (collecting cases)).

To state a claim for violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs or activities; (3) he was excluded or otherwise discriminated against by the public entity; and (4) the exclusion or discrimination occurred solely by reason of his disability. Martin v. Roche, No. EDCV 08-0827-SJO (JTL), 2009 WL 32635, at *11 (C.D. Cal. Jan. 5, 2009).

To recover monetary damages under the ADA, a plaintiff must show intentional discrimination on the part of state officials. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The test for intentional discrimination is deliberate indifference. Id. A defendant acts with deliberate indifference only if (1) the defendant has knowledge from which an inference could be drawn that a harm to a federally protected right is substantially likely, and (2) the defendant actually draws that inference and fails to act upon the likelihood. See id. at 1138–39.

///

**2. Analysis**

As an initial matter, defendant Jacob is not a proper defendant in his individual capacity for Raiser's ADA claim. See Roberts, 2017 WL 3635175, at *9.

Moreover, Raiser fails to allege he was discriminated against solely by reason of his disability. See Martin, 2009 WL 32635, at *11. Raiser alleges defendant Jacob's threat prohibited him from driving into the City of Murrieta in a car he lived out of and that his disability, therefore, effectively prevented him from entering the City of Murrieta at all. Dkt. 115 at 3, 24–25. Raiser, however, alleges defendant Jacob's conduct "was driven by [Raiser] being homeless", rather than Raiser's disability. Id. at 10. Hence, Raiser's ADA claim is subject to dismissal.

## VI.

## **LEAVE TO FILE A FOURTH AMENDED COMPLAINT**

For the foregoing reasons, the TAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the TAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim to pursue this action. However, if Plaintiff asserts a claim in his Fourth Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1.     Plaintiff may file a Fourth Amended Complaint to attempt to cure the deficiencies discussed above.  <u>The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Fourth Amended Complaint, which the Court encourages Plaintiff to use.</u>

If Plaintiff chooses to file a Fourth Amended Complaint, he must clearly designate on the face of the document that it is the "Fourth Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the TAC.  In addition, the Fourth Amended Complaint must be complete without reference to the TAC, SAC, FAC, Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  <u>See id.</u>  **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Fourth Amended Complaint.**  <u>See Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Fourth Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint."  <u>Ismail v. Cty. of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (internal citation and quotation marks omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261.  Thus, **if Plaintiff files a Fourth Amended Complaint with claims on which relief cannot be granted, the Fourth Amended Complaint will be dismissed without leave to amend and with prejudice.**

14

2. Alternatively, Plaintiff may file a notice with the Court that he intends to stand on the allegations in his TAC. If Plaintiff chooses to stand on the TAC despite the deficiencies in the claims identified above, then the Court will submit a recommendation to the assigned district judge **that the deficient claims discussed in this Order be dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges. If the assigned district judge accepts the findings and recommendations of the undersigned Magistrate Judge and dismisses the deficient claims discussed in this Order, the Court will issue a separate order regarding service of any claims remaining in the TAC at that time.

3. Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.</u>

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed without prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: **November 2, 2020**

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge