Aaron Raiser, Pro Se
Email: aaron_raiser@yahoo.com
20058 Ventura Blvd. #113
Woodland Hills, Ca 91364
Ph 818-581-4818

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON RAISER, | Case No: 5:19-cv-00183 |
| Plaintiff, | |
| vs. | NOTICE OF APPEAL; |
| City of Murrieta et al | Request For Extension of time to submit Issues On Appeal - Issues on Appeal ( to court of appeals To Comply with 14-80179); |
| Defendants. | |

PLAINTIFF appeals the orders of ECF 170, 171 to the 9th Circuit court of appeals.

"THIS NOTICE OF APPEAL IS FILED SUBJECT TO PREFILING REVIEW ORDER No. 14-80179"

Appealability. The background on this can be seen from the briefing related to ECF 170, 171. Plaintiff needed to learn the identities of 4 Doe Defendants who are police officers.

Plaintiff has audio recordings regarding the stops involving 3 of the officers, along with the exact date and location for 1 of the stops. Thus, it should have been easy to simply do a deposition of the possible officers on duty on that date and time to see which ones sounded like the voice in the audio which is very distinct. The trial court would not allow Plaintiff to do any depositions – all this involves early discovery. Thus, Plaintiff was forced to send the audio to Defendants to see if they could identify the voice which of course was pointless and the PMQ showed no competence to identity the voice. Plaintiff then pointed out the officer was driving a crown Victoria cruiser where about all the other vehicles are newer Ford Exploroers, and from the police records Plaintiff could identify which officer was assigned to that car. Altneratively, Plaintiff claimed he could seek the daily logs of each deputy on duty to see if any were in the vicinity of where Plaintiff was on the given date and time, which of course needed a second round of discovery which the court denied. Noted, Murrieta is a very big city landwise of about 8 miles by 4 miles or so with each officer assigned a distinct "beat". Likely, the officer had interactions with dispatch such as when he got out of his car to speak with Plintiff which might have helped. In any event, what counts is that the officer's identity was discoverable.

For another stop, Plaintiff had audio recordings but apparently the exact date was off as Plaintiff's laptop computer was stolen and Plaintiff lost needed

information that had the exact date.  However, for this stop Plaintiff was legally driving and the 2 officers simply wanted to ID Plaintiff as he drove by where all agree Plaintiff was not breaking any laws.  For that stop, there are records showing a background check was run as the police officers did run a background check.  Plaintiff simply got the date wrong and was off by a few dayts and simply needed to do a second set of discovery to request the records from that stop by asking for a wider windows of records as to the date range involving Plaintiff.

      Noted, both those stops took place outside of the Murrieta city limit in Riverside county.

      The last stop at issue was a bit trickier where Plaintiff was illegally "seized" under the 4th amendment when an officer illegally ordered Plaintiff out of a public use/hiking area within the Murrieta city limits along Murrieta creek.  Plaintiff has no recording or exact date, however, Plaintiff made numerous phone calls to the Murrieta police and left several voicemails, including one with the police chief, so likely there are records somewhere as it involved a citizen complaint and police would keep records of those.  So for that stop, Plaintiff again needed further discovery and more than likely the identity is discoverable.

      Thus, the appeal has merit.  Plaintiff needs to do research for the cases etc. that authorize this interlocutory appeal, and likely Cohen v. Beneficial Life serves as a source of authority as without discovery, Plaintiff can't learn the name of the 4

Doe Defendants and as a result they are not going to find out about this case against them until likely after trial, if ever, and if Plaintiff does find out say 2 years from now, they are going to claim statutes of limitations defenses and the fact they were not put on notice soon enough etc.  So without discovery, they are dismissed with prejudice as the statutes of limitations has already run.

      Of interest, this case has proceeded 2 ½ years at a pretrial screening stage which is absurd and had the filed complaint simply bene allowed 2 ½ years ago, Plaintiff would have had ample time at regular discovery to learn the Doe names as there would not have been SOL grounds for not responding to the case.

      Thus, without this appeal, the Doe Defendants are permanently dismissed from this case.  2 years from now if Plaintiff appeals, the appeal is going to take another year, and even if Plaintiff wins on this discovery matter then, it shall have been 5 years since the incident and the police are going to claim prejudice etc. and the case dismissed against them.

      Thus, this appeal should be proper.  Given Plaintiff has not time to properly prepare the issues, Plaintiff asks for an additional 40 days.  Also, federal employees are Defendants in this action so this is timely.

Dated:  October 12, 2021

_____
Aaron Raiser

**Proof/Certificate of Service**

I hereby certify that on October 12, 2021, a copy of:

**NOTICE OF APPEAL;**

**Request For Extension of time to submit Issues On Appeal - Issues on Appeal ( to court of appeals To Comply with 14-80179);**

was served on the following parties, via ECF.

Allen Christiansen
1631 E. 18th Street
Santa Ana, California 92705

Date: October 12, 2021

s/ Aaron Raiser